No. 05-1330C
(Judge Bush)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**MARC J. MILLICAN,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims, the United States respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**QUESTIONS PRESENTED**

1. Whether this Court has subject matter jurisdiction under the Tucker Act to void adverse administrative actions taken by the United States Air Force against a member of the Air Force Reserve, where the actions are not related to a money-mandating statute.

2. Whether under Rule 12(b)(6) plaintiff has alleged any facts upon which this Court can void his involuntary retirement in the rank of Major, using the Reserve retired pay statute (10 U.S.C. § 12731) as a jurisdictional basis under the Tucker Act.

## STATEMENT OF FACTS

Plaintiff Marc J. Millican is currently a major in the United States Air Force Retired Reserve. Compl. ¶ 34. In 1999 and 2000, MAJ Millican was a C-5 pilot and member of the 312th Airlift Squadron (AMC) headquartered at Travis Air Force Base, California. Compl. ¶ 1; App. 54-55.

In 1998, the Department of Defense embarked on a large-scale program called the Anthrax Vaccination Immunization Program (AVIP) to protect military members and civilian employees against inhalation anthrax. Compl. ¶ 2; see generally Doe v. Rumsfeld, 297 F. Supp. 2d 119, 125 (D.D.C. 2003).[1] As part of the AVIP, in early 1999 the Air Force Reserve directed that members of the 312th Airlift Squadron begin a series of vaccinations against the Anthrax virus. App. 24-25. Squadron members who did not receive the Anthrax immunization series were not permitted to perform airlift missions, and were later barred from participating in Reserve Unit Training Assemblies (UTAs, or drills). Id.; App. 45.

In response to the directive, MAJ Millican refused to receive the Anthrax series. Compl. ¶ 15. Moreover, MAJ Millican urged other members of his squadron to refuse as well. App. 3, 50-51. As a result, the Air Force took a number of adverse administrative actions against him:

- On December 19, 1999, his squadron commander issued a Letter of Reprimand (LOR); the LOR was later placed in MAJ Millican's Unfavorable Information File (UIF). App. 50-51, 131. The basis for the LOR was not that MAJ Millican had refused the AVIP, but that he had actively encouraged squadron members to refuse the anthrax series in a manner intended to cause discontent and disloyalty in the unit. Id.

- In March 2000, the same squadron commander directed an Officer Performance Report (OPR) in which he wrote that MAJ Millican's performance did not meet professional and leadership standards, MAJ Millican had failed to participate in unit training, and that

[1] In a February 9, 2006 unpublished decision, the United States Court of Appeals for the District of Columbia held that the District Court's injunction barring the Department of Defense from administering the anthrax vaccine had dissolved by its own terms following the FDA determination that the vaccine was "safe and effective and not misbranded." See attached Order at App. 201-02.

MAJ Millican's conduct with respect to the AVIP "sought to foment discord" within the squadron. App. 53-55.

- Also in March 2000, the commander of Air Force Reserve Command (AFRC) recommended to the Secretary of the Air Force that MAJ Millican's name be removed from the FY2000 Lieutenant Colonel promotion list. Compl ¶ 30; App. 56. The AFRC commander cited (1) MAJ Millican's attempt to "purposefully undermine the credibility of squadron leadership"; (2) his attempt to disrupt orderly unit operations; and (3) his disregard of Air Force policies and procedures. Id.

- On April 17, 2002, the President approved the recommendations of the Secretary of Defense and the Secretary of the Air Force and removed MAJ Millican's name from the promotion list. App. 59. The removal action resulted in a first-time statutory non-selection for promotion. See 10 U.S.C. § 14501(b)(3).

- In September 2002, an Air Force Selection Board did not select MAJ Millican for promotion to Lieutenant Colonel. App. 60. This second non-selection resulted in statutory separation from the Air Force Reserve. Id.

- As a two-time non-selection for promotion, MAJ Millican was involuntarily transferred to the Retired Reserve in the rank of Major on April 1, 2003. App. 60-62.

In July 2003, MAJ Millican applied to the Air Force Board for Correction of Military Records (ABFBCMR or Board), requesting that the Board void the various adverse actions taken against him. App. 10. By decision dated August 4, 2004, the AFBCMR found no material error or injustice in any of the Air Force actions, and denied the application. App. 2-9.

On December 19, 2005, MAJ Millican filed a complaint in this Court requesting that the Court set aside the AFBCMR decision, void the various adverse actions taken against him, remove any related records, and promote him "by operation of law." Compl. at 1, 13-14. MAJ Millican asserts in his complaint that the Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a) and 10 U.S.C. § 12731(a). Compl. at 1.

## STANDARD OF REVIEW

Subject matter jurisdiction may be challenged at any time by any party, by the Court *sua sponte*, and even on appeal. Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1240 (2006). If the Court does not have jurisdiction, it must dismiss the claim. RCFC 12(b)(1) and 12(h)(3). When deciding a motion to dismiss based on a lack of subject matter jurisdiction, the Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court may consider all relevant evidence to resolve the truth about any jurisdictional facts alleged in the complaint. McCauley v. United States, 38 Fed. Cl. 250, 262 (1997) (citations omitted). Ultimately, however, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

While the Tucker Act (28 U.S.C. § 1491) confers jurisdiction on the United States Court of Federal Claims, the Act does not, by itself, "create any substantive right enforceable against the United States for money damages." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472-73 (2003); United States v. Testan, 424 U.S. 392, 398 (1976). Instead, a plaintiff must identify a "separate source of substantive law," such as a statute or regulation, "that can 'fairly be interpreted' as mandating compensation by the United States." Miller v. United States, 67 Fed. Cl. 195, 197 (2005) (citing Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Assuming the plaintiff has identified a money-mandating statute, the issue under RCFC 12(b)(6) is "whether in a specific case a court is able to exercise its general power with regard to the facts" presented. Palmer v. United States, 168 F.3d 1310, 1313 (Fed. Cir. 1999).

Considering the whole record, where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court should dismiss the claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted).

## ARGUMENT

### I. DISMISSAL UNDER RULE 12(b)(1) IS WARRANTED WITH RESPECT TO RELIEF WHOLLY UNTETHERED TO A MONEY-MANDATING STATUTE

While Mr. Millican asks this Court to void a laundry list of adverse actions he believes were improper, he cites only one money-mandating statute, namely the Reserve retired pay statute at 10 U.S.C. § 12731(a), as a basis for this Court to grant relief. Compl. at 1. Under this pay statute, a person who has served at least 20 years in the Reserve is entitled to retired pay upon application beginning at age 60. As discussed in the next section, this statute is relevant, if at all, to Mr. Millican's claim that he was wrongfully retired in the rank of Major, as opposed to Lieutenant Colonel. The balance of the relief requested by Mr. Millican is addressed in this section.

As a fundamental matter, plaintiff does not and cannot assert anywhere in his complaint that money from the Government is currently due and owing to him. Indeed, Mr. Millican asks the Court to void and order the removal of a number of adverse actions and documents, yet none of this relief, *even if ordered by the Court and taken by the Air Force*, would entitle Mr. Millican to immediate payment. This omission is fatal to Tucker Act jurisdiction, which requires a claim for "actual, presently due money damages" owed by the United States. Todd v. United States, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004) ("The jurisdiction of the Court of Federal Claims under the Tucker Act is 'limited to actual, presently due money damages from the United States,'"

quoting United States v. Testan, 424 U.S. 392, 398 (1976) and United States v. King, 395 U.S. 1, 3 (1969)). Therefore, while the AFBCMR may possess the authority to correct the errors urged by Mr. Millican, his claim before this Court fails for this profound reason. Todd, 386 F.3d at 1093-94; see also Palmer v. United States, 168 F.3d 1310, 1313 (Fed. Cir. 1999) (Court of Federal Claims had jurisdiction where plaintiff "had alleged that the Government owed him money, a claim based on military service for which he had not been paid").

Second, with respect to Mr. Millican's request that this Court void and order the removal of adverse documents placed in his file (the LOR, OPR, unsatisfactory UTAs, and documents relating to the Air Force's recommendation to remove him from the Lieutenant Colonel promotion list), these actions have absolutely no nexus to any money-mandating provision of law. The Federal Circuit has held that the Tucker Act gives this Court "power to order the correction of military records only 'incident of and collateral to' its award of a money judgment." Voge v. United States, 844 F.2d 776, 781 (Fed. Cir. 1988). Thus, this Court has no jurisdiction to order records corrections not associated with a payment to the complaining servicemember. Id.; see also Silbert v. United States, 215 Ct.Cl. 913, 566 F.2d 1190 (1977) (no authority to correct records where claimant did not seek money judgment); Austin v. United States, 206 Ct. Cl. 719, 723 (1975) (no authority to grant relief unless "subordinate to a monetary award"). Because no back pay is at issue, Mr. Millican's request that the Court order his "constructive reinstatement" in the Reserve, Compl. at 13, is also beyond this Court's jurisdiction.

Here, neither removal of Mr. Millican's service records nor reinstatement in the Reserve can be justified as "incident of and collateral to" a monetary award because there is no reason to consider this relief in deciding his only colorable claim for pay, namely the future calculation of

his retirement pay in the grade of Major. As described below, this Court's review of the retirement issue is limited to an inquiry into whether the Air Force followed its own regulations for the retirement of Air Force Reserve officers. The regularity of Mr. Millican's military records and the actions of his superiors in evaluating his performance as an officer and pilot are entirely unrelated to whether the Air Force followed its regulations in assigning Mr. Millican to the Retired Reserve in the grade of Major. Voge, 844 F.2d at 781. Thus, many of Mr. Millican's claims are equitable claims that are "nonjusticiable or beyond the competence of courts to wrestle with." Greene v. United States, 35 Fed. Cl. 375, 382 (2005), citing Voge, 844 F.2d at 780.

Finally, Mr. Millican requests at the close of his complaint that the Court remand the case to the AFBCMR "to determine whether to award plaintiff back drill pay for missed UTAs and other annual training after refusing the AVIP vaccine series." Compl. at 14. However, it is well-settled that a Reserve member is entitled to pay only for service actually performed; in other words, the Court cannot consider a claim for drill pay unless the Reserve member is ordered to perform duty and actually performs duty. Palmer, 168 F.3d at 1314; Banks v. Garrett, 901 F.2d 1084, 1087 (Fed. Cir. 1990) ("[A] reservist is not entitled to compensation . . . unless he is ordered to perform and actually performs the work. Compensation is not based on status as a reservist." (citations omitted)). This rule holds true regardless of the reason why the Reserve member did not perform duty. Palmer, 168 F.3d 1314. While plaintiff's request to order the AFBCMR to consider the question of back pay is a novel attempt to avoid this rule, plaintiff has not tied his proposed remand to a money-mandating statute, and has not cited any authority for this Court to do indirectly what it is foreclosed from doing directly. Under circumstances where

Mr. Millican's requests a remand to consider "back drill pay for UTAs and other annual training," he has presented no jurisdictional basis and no claim upon which relief can be granted.

## II. UNDER RULE 12(b)(6), PLAINTIFF HAS NOT ASSERTED ANY FACTS SUGGESTING ELIGIBILITY FOR PAYMENT UNDER THE RESERVE RETIRED PAY STATUTE

As stated above, the only statutory basis for Tucker Act jurisdiction in plaintiff's complaint is the Reserve retired pay statute at 10 U.S.C. § 12731. Compl. at 1. Unfortunately, nowhere does plaintiff attempt to explain his theory of eligibility for relief, that is, a nexus between the pay statute and any of the requested relief. However, reading plaintiff's complaint as broadly as possible, the only colorable theory of eligibility appears to be that Mr. Millican would be eligible for an *increased* rate of retired pay had he been retired at the rank of Lieutenant Colonel as opposed to Major, his rank at the time of his involuntary retirement. Compl. at 13. Even assuming the Court has jurisdiction to consider this claim, Millican has presented no facts to suggest any current eligibility for payment or increased payment under the statute, and the requested relief should be denied under RCFC 12(b)(6) for failure to state a claim on which relief can be granted. Fisher v. United States, 402 F.3d at 1175-76.

### A. Plaintiff's Requested Relief Under the Reserve Retired Pay Statute is Purely Speculative

First, the applicability of the Reserve retired pay statute to Mr. Millican provides at best a questionable jurisdictional basis. Mr. Millican has not asserted and cannot assert that the Air Force *presently* owes him any money at any rate of retired pay: the Reserve retired pay statute entitles a member to retired pay only at age 60 and only upon application to the service. 10 U.S.C. § 12731. Mr. Millican, currently 49 years old (see App. 62), will not be entitled to apply for pay under the statute until the year 2017. Even then, his ultimate receipt of retired pay

depends on a host of factors, including: (1) whether Mr. Millican lives to age 60; (2) whether Mr. Millican applies for retired pay at that time; and (3) whether the Federal statutory scheme for calculating retired pay (see 10 U.S.C. § 12739) remains intact. Moreover, Reserve retired pay for the rank of Lieutenant Colonel and above is computed by using the highest rank satisfactorily held for three years, as determined by the Secretary. See 10 U.S.C. § 1370(d)(3)(A). In this case, Mr. Millican never served at the grade of Lieutenant Colonel for one day, let alone three years. Thus, because Mr. Millican was never promoted to Lieutenant Colonel and never served at that rank, none of the statutes governing Reserve retired pay provide the jurisdictional basis for his claim for increased retired pay. Reeves v. United States, 49 Fed. Cl. 560, 569 (2001) ("The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it," quoting United States v. Testan, 424 U.S. at 402). Therefore, while 10 U.S.C. § 12731 is money-mandating, Mr. Millican's claim is not for a pay currently due, and the statute does not and cannot permit a money award under the facts of this case. Todd v. United States, 386 F.3d at 1093-94.

Second, Mr. Millican is asking in reality for this Court to issue declaratory relief, that is, to declare his *potential* for a higher rate of retired pay in the future. Yet "cases seeking relief other than monetary damages . . . have never been within its jurisdiction." National Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) (quoting United States v. King, 395 U.S. 1, 3 (1969)). Specifically, the Court of Federal Claims cannot issue declaratory judgments. Id.; see also First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999) (stating that the Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction, a declaratory judgment or specific performance" (quoting Quinault Allottee Ass'n v. United States, 197 Ct. Cl. 134, 453 F.2d 1272, 1274 n. 1 (1972)).

**B. Under 10 U.S.C. § 14502, This Court Cannot Grant the Relief Requested With Respect to Plaintiff's Non-Selection for Promotion to Lieutenant Colonel**

The power of this Court to grant relief in response to an officer's challenge to his non-selection for promotion is also governed by 10 U.S.C. § 14502. Sections (g) and (h) of the statute, when read together, deprive this Court of jurisdiction to set aside Mr. Millican's non-selections for promotion or order any other requested relief related to promotion actions by the Air Force:

> **(g) Limitation of other jurisdiction.**--No official or court of the United States shall have power or jurisdiction--
>
> **(1)** over any claim based in any way on the failure of an officer or former officer of the armed forces to be selected for promotion by a selection board convened under chapter 1403 of this title until—
> **(A)** the claim has been referred to a special selection board by the Secretary concerned and acted upon by that board; or
> **(B)** the claim has been rejected by the Secretary without consideration by a special selection board; or
>
> **(2)** to grant any relief on such a claim unless the officer or former officer has been selected for promotion by a special selection board convened under this section to consider the officer's claim.
>
> **(h) Judicial review. (1)** A court of the United States may review a determination by the Secretary concerned under subsection (a)(1), (b)(1), or (e)(3) not to convene a special selection board. If a court finds the determination to be arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law, it shall remand the case to the Secretary concerned, who shall provide for consideration of the officer or former officer by a special selection board under this section.
>
> **(2)** If a court finds that the action of a special selection board which considers an officer or former officer was contrary to law or involved material error of fact or material administrative error, it shall remand the case to the Secretary concerned, who shall provide the officer or former officer reconsideration by a new special selection board.

The plain language of section (g)(2) limits the Court's jurisdiction to grant relief to those cases where the officer has been successfully selected for promotion by an SSB convened by the service Secretary. For example, a court could review a decision by the service not to promote the officer following successful selection by the SSB. Further, section (h) provides that the Court may review (1) the determination by the service Secretary *not* to convene an SSB; and (2) the conduct of the SSB itself in considering the officer for promotion. In this case, Mr. Millican has never requested – either before the AFBCMR or this Court – consideration for promotion by an SSB; he has at all times demanded far more, namely that the two non-selections actions be "set aside" and that he be "promoted by operation of law to Lieutenant Colonel." App. 11; Compl. at 13-14. Under these circumstances, since Mr. Millican has not requested that the Secretary convene an SSB, the Court has no jurisdiction to grant relief related to Mr. Millican's challenge to his non-selection for promotion. 10 U.S.C. 14502; see Scott v. England, 264 F. Supp. 2d. 5 (D.D.C. 2002).

**C. Plaintiff Has Asserted No Valid Basis for This Court to Void His Removal From the Lieutenant Colonel Promotion List**

Even if the Court assumes jurisdiction to consider Mr. Millican's claim that, had he been promoted to Lieutenant Colonel, he would be entitled to a higher rate of retired pay at age 60 under the Retired pay statute, then the claim is properly framed as a challenge to his non-selection for promotion. However, it is well settled that the Court's authority to review promotions extends only to the question of whether the service followed its regulations and procedures. Fisher v. United States, 402 F.3d at 1177; Porter v. United States, 163 F.3d 1304, 1315-20 (Fed. Cir. 1998).

Notwithstanding Mr. Millican's strenuous objections to the basis for his removal from the FY2000 Lieutenant Colonel list, this Court does not possess jurisdiction to review the propriety

of the President's decision to remove Mr. Millican, or the merits of Mr. Millican's subsequent non-selection for promotion. Dysart v. United States, 369 F.3d 1303, 1317 (Fed. Cir. 2004); Murphy v. United States, 993 F.2d 871, 872-73 (Fed. Cir. 1993). These are nonjusticiable, purely discretionary decisions outside the competency of this Court. Id.; Richey v. United States, 322 F.3d 1317, 1327-28 (Fed. Cir. 2003) ("No court is in a position to resolve and pass upon the highly complicated questions and problems involved in the promotion procedure," quoting Porter, 163 F.3d at 1316-17). The Federal Circuit has consistently recognized that "strong policy reasons compel courts 'to allow the widest possible latitude to the armed services in their administration of personnel matters.'" Voge, 844 F.2d at 781 (court denies review of non-selection for promotion and request for retroactive promotion); citing Sanders v. United States, 219 Ct.Cl. 285, 594 F.2d 804, 813 (1979). Therefore, "absent a statute or regulation entitling a service member to a promotion as a matter of law, the Claims Court has no authority to entertain this claim." Voge, 844 F.2d. at 781; but see Dysart, 369 F.3d at 1317 (notwithstanding such a statute, President's decision not to appoint plaintiff to the rank of Rear Admiral held not reviewable by a court, citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 155-57 (1803)); see also Nation v. Dalton, 107 F. Supp. 2d 37, 44 (D.D.C. 2000) (10 U.S.C. § 14310 (formerly 10 U.S.C. § 5905) "places no limitation on the Secretary's authority to remove an officer from a promotion list prior to promotion, and provides no standard by which to evaluate the Secretary's exercise of removal authority").

Turning to Mr. Millican's sole assertion of procedural error in his complaint, Mr. Millican claims that his removal from the Lieutenant Colonel promotion list took place outside the 18-month statutory limit for a promotion delay under 10 U.S.C. § 14311, rendering the removal action by the President invalid. Compl. ¶¶ 31-32. His argument ignores the statutory

regime in which Congress established *removal* from the promotion list and *delay* of promotion as two distinct actions.

Removal is governed by a free-standing statute, 10 U.S.C. § 14310, which provides the President unfettered discretion to remove an officer's name from a promotion list "at any time before the date on which the officer is promoted." In contrast, a mere delay under 10 U.S.C. § 14311 while the officer is pending criminal investigation or disciplinary action (10 U.S.C. § 14311(a)) or while pending an allegation of lack of qualifications (10 U.S.C. § 14311(b)) is governed by an 18-month time limit. If the Air Force had only delayed Mr. Millican's promotion, his current argument might have some force. However, the statutory time limit of 10 U.S.C. § 14311 plays no role if (1) the action is initiated as a removal under 10 U.S.C. § 14310; or (2) once the delay is converted to a removal action.

While a proposed removal action necessarily results in a delay of the promotion pending removal, the delay statute does not impose an 18-month time limit upon the President's discretion to remove an officer's name from a promotion list. Such a reading defies the express statutory language chosen by Congress, language that requires the statutes to be read together. The only reasonable reading of the statutes in tandem is that the Air Force is bound procedurally by the 18-month time limit pursuant to the delay statute while investigating allegations or reaching a decision as to whether or not to initiate a removal; however, once the service makes the decision to recommend removal of the officer from the promotion list, Congress placed no time limitation upon Presidential action on the proposed removal. This reading of 10 U.S.C. §§ 14310 and 14311 balances the interest of the officer in a reasonably speedy resolution of allegations of impropriety against the discretion of the President as Commander in Chief to determine which officers shall be promoted. In this case, given that the action taken was at all

times a removal, as opposed to a delay, there was no error in the process of removing Mr. Millican's name from the promotion list.

Finally, Mr. Millican's reliance on Rolader v. United States, 42 Fed. Cl. 782 (1999) is misplaced. In Rolader, the Air Force delayed plaintiff's promotion pending a investigation into criminal allegations. The evidence established that the Air Force subsequently initiated a removal action, but only after the expiration of the approved delay period. Id. at 787. The Court of Federal Claims held that the Air Force had violated its own regulations, and that Rolader had been promoted by operation of law following the expiration of the delay period. Id. In stark contrast, the action against Mr. Millican was initiated as a removal action from the outset, well before the scheduled date of his promotion, and not as a delay. Thus, even if the decision remains viable,[2] the facts of Rolader are inapposite.

## CONCLUSION

For the reasons discussed above, defendant respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

---

[2] The Court of Appeals decision in Dysart, 369 F.3d at 1315-16, casts doubt upon the continued validity of the Rolader holding; notwithstanding a statute requiring that certain officers "shall be promoted," the court held that there was no "automatic" promotion and that the President's decision not to promote the officer was not reviewable.

OF COUNSEL:

CHARLES D. MUSSELMAN JR.
U.S. Air Force Legal Services Agency
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

March 14, 2006

# APPENDIX

| Document | Pages |
| --- | --- |
| 1. AFBCMR Certified Administrative Record | i - 200 |
| 2. Doe v. Rumsfeld, No. 04-5440 (D.C. Cir. February 9, 2006) (order remanding to district court) | 201-02 |