TAB I

DEPARTMENT OF THE AIR FORCE
Air Force Reserve Command (AFRC)

19 DEC 99

MEMORANDUM FOR 349 OG/CC
349 AMW/JA
349 MAA/DPMSA
349 AMW/CC
IN TURN

FROM: 312 AS/CC
511 Waldron Street
Travis AFB CA 94535-2154

SUBJECT: Request for Involuntary Reassignment to ARPC – Marc J. Millican/Major/SSN 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

1. I request that Major Marc J. Millican be involuntarily reassigned to ARPC for failure to meet military conduct standards. The authority for my recommendation is AFI 36-2115, *Assignments Within the Reserve Components*, paragraph 4.2, and Table 5.1, Rule 39. The specific reason for the proposed reassignment action is contained in Attachment 1, the memorandum of notification to the member (dated 15 NOV 99). As of the date of this memorandum, no response has been received from Major Millican and the written notification to him of this action was returned unclaimed.

2. Military personnel information:

a. Date of Commission: 22 JUN 79

b. Unit and PAS Code of assignment: 312 AS / T81LFLPG

c. Date assigned: 14 DEC 94

d. Current grade and effective date: Major / 22 JUN 93
Note: Member is a LtCol Selectee, with an anticipated promotion date of 22 JUN 00.

e. Demotions (if any), reasons, and dates: None

f. Record of Disciplinary Actions: None

g. No OPR rendered during the time the infractions occurred (last OPR completed on 13 JUL 98 and subsequent OPR for 1999 not accomplished due to member's absence). All previous OPRs indicates member meets standards.

h. Derogatory data: None

i. Has discharge been considered/requested: N/A

48

j. ART status: N/A

k. Has retraining/return to secondary/tertiary AFSC been considered? N/A

FRANK J. PADILLA, Lt Col, USAFR
Commander

Attachments:
1. Memorandum dated 15 NOV 99 from 312 AS/CC to Major M. Millican
2. Memorandum dated 26 JUL 99 from 312 AS/CC to Major M. Millican
3. Certified mail receipt (from attachment 1)

DEPARTMENT OF THE AIR FORCE
AIR FORCE RESERVE COMMAND

19 DEC 99

MEMORANDUM FOR MAJOR MARC MILLICAN

FROM: 312 AS/CC
511 Waldron Street
Travis AFB CA 94535-2154

SUBJECT: Letter Of Reprimand

1. It has come to my attention that you have engaged in acts of a nature to cause discontent and undermine military discipline within this squadron. Specifically, after the members of this squadron were notified of the requirement to undergo the anthrax immunization series, you sought out and spoke with members of this squadron advocating that they refuse to undergo the anthrax protocol. Further, you actively encouraged other pilots to persuade additional members of your peer group (e.g. the pilot section) to defy official Air Force policy and refuse to undergo the anthrax immunization series. In furtherance of your apparent intent to raise discontent and disloyalty, you sent electronic mail to members of this squadron advising them that I do not care about them and encouraging them to disregard my advice and directives. On 2 September 1999, when I spoke with you by telephone regarding the anthrax immunization, you were also disrespectful to me in stating that I was not considering the best interest of the members of the squadron. During this same conversation, you also issued an implied threat against me by stating, "you better protect yourself." Finally, you attempted to persuade members of this unit to refrain from flying missions for the 301 AS, even though I had specifically requested such assistance be rendered due to their impacted manning levels. Your actions appear designed to disrupt the effectiveness of not just this squadron, but the Wing as a whole. For these actions, you are hereby reprimanded.

2. As a C-5 pilot and an officer in this wing, I expect you to exhibit the judgment and professionalism attendant with your responsibilities. I view your actions in encouraging discontent within the unit as a very serious breach in judgment and leadership. You have greatly compromised your integrity by these actions, and have called into question your abilities and leadership as an officer in the United States Air Force.

3. I intend to place this Letter of Reprimand in an Unfavorable Information File.

4. Privacy Act Statement: AUTHORITY: 10 U.S.C. 8013. Purpose: To obtain any comments or documents you desire to submit (on a voluntary basis) for consideration concerning this action. ROUTINE USES: Provides you an opportunity to submit comments, or documents for

50

EXHIBIT 1

consideration. If provided, the comments and documents you submit become a part of the action. DISCLOSURE: Your written acknowledgement of receipt and signature are mandatory. Any other comment or document you provide is voluntary.

5. You are directed to acknowledge receipt of this Letter of Reprimand by signing below and returning the document to me in the enclosed envelope. If you desire, you may respond to this action in writing no later than (30) days from this date. Any written response will be considered by me and attached to this Letter of Reprimand. An additional copy has been provided for your records.

FRANK J. PADILLA, Lt Col, USAFR
Commander

LTR MAILED CERTIFIED RETURN RECEIPT REQUESTED

cc: 349 OG/CC
312 AS/DO
312 AS/DOP

1st Ind, Maj Millican

MEMORANDUM FOR 312 AS/CC

1. I acknowledge receipt of this LOR, dated 19 DEC 99.

2. I do/do not intend to submit matters for you to consider in evaluating this matter.

MARC MILLICAN, Maj, USAFR

DEPARTMENT OF THE AIR FORCE
AIR FORCE RESERVE COMMAND

1 Jun 99

MEMORANDUM FOR MAJ MILLICAN MARC J 004524134

FROM: 349 MSS/DPM

SUBJECT: Implementation of Stop-Loss

1. The President of the United States has the authority (under 10 USC 673C) to suspend certain laws pertaining to the availability of military members, including reservists, during a contingency. This action, commonly known as Stop-Loss, has been implemented. The result is to stop the voluntary separation, retirement, or transfer to a pool of lesser availability for affected members for the duration of the order.

2. You fall under the provisions of Stop-Loss. This means that, if enlisted, you will not separate at the end of your enlistment. Neither airmen or officers may apply for separation, retirement (except mandatory retirement), or transfer to a pool of lesser availability until the President revokes the order. You will be notified when this occurs.

3. This is not a call to Active Duty. This document is intended to advise you that you have been identified as essential to national security. If you are identified for recall, you will be notified of your selection and be provided reporting instructions. If and when you may be recalled cannot be predicted. You should prepare for the possibility of recall by arranging for child/family care, legal and financial matters, and uniform requirements.

4. If you had a loss pending at the time Stop-Loss was imposed, a new effective date has been generated in the Personnel Data System. The revised effective date is for administrative purposes and you should not use it in your personal plans at this time. The date may be adjusted forward or back as the current world situation becomes more clear. You will be advised when any change does occur. The Stop-Loss actions temporarily reflected in your record are:

**Affected by Stop-Loss and Ineligible for Retirement/Discharge/Transfer until released.**

Christopher C. Stevens

CHRISTOPHER C. STEVENS, Lt Col, USAFR
Director, Military Personnel

1st Ind, MAJ MILLICAN MARC J & 312 AS/CC

MEMORANDUM FOR 349 MSS/DPM

Acknowledge Receipt

Member's Signature & Date

Unit Commander's Signature & Date

EXHIBIT J 52

DEPARTMENT OF THE AIR FORCE
Air Force Reserve Command (AFRC)

13 MAR 00

MEMORANDUM FOR MAJOR MARC J. MILLICAN
2540 Curlew Circle
Anchorage AK 99515-1353

FROM: 312 AS/CC
511 Waldron Street
Travis AFB CA 94535-2154

SUBJECT: Referral Officer Performance Report

1. In accordance with AFI 36-2402, *Officer Evaluation* System, para. 3.7, I am referring the attached Officer performance Report (OPR) to you. The OPR contains comments and ratings which make the report a referral as defined in the AFI. Specifically, the OPR references your actions in the latter half of CY1999 and early CY2000 to foment discord within this unit and undermine the credibility of squadron leadership, as well as your failure to respond to official communications.

2. Comment on the report by endorsement to this memo and sign in reproducible ink. Send the report and your endorsement to reach Lt Col J. Brunz not later than 30 calendar days from the date you receive this letter. A return envelope has been enclosed for this purpose. If you need additional time, request an extension from the individual named above. You may submit attachments (limited to ten pages), but they must directly relate to the reason the report was referred. Pertinent attachments will remain attached to the report filed in the personnel record. Your endorsement and any attachment you include may not contain any reflection on the character, conduct, integrity, or motives of the evaluator unless you fully substantiate and document the remarks. Contact the MPF career enhancement section (349 MSS/DPMSCE @ 707/424-1663) if you require any assistance in preparing your reply to the referral report.

3. If you believe this report is inaccurate, unjust, or unfairly prejudicial to your career, you may apply for a review of the report under AFI 36-2401, *Correction of Airman and Officer Evaluation Reports*, once the report becomes a matter of record as defined in AFI 36-2402, attachment 1.

FRANK J. PADILLA, Col (Select), USAFR
Commander

LTR MAILED CERTIFIED RETURN RECEIPT REQUESTED

EXHIBIT K53

# FIELD GRADE OFFICER PERFORMANCE REPORT

0 5 JUN 2000

**I. RATEE IDENTIFICATION DATA** *(Read AFI 36-2402 carefully before filling in any item)*

| 1. NAME (Last, First, Middle Initial) | 2. SSN | 3. GRADE | 4. DAFSC |
|---|---|---|---|
| MILLICAN, MARC J. | 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 | MAJ non-EAD | 11A2A |

| 5. PERIOD OF REPORT | | 6. NO. DAYS SUPERVISION | 7. REASON FOR REPORT |
|---|---|---|---|
| From: 14 Jul 1998 | Thru: 29 Feb 2000 | 180 | Directed by Commander |

| 8. ORGANIZATION, COMMAND, LOCATION | 9. PAS CODE |
|---|---|
| 312th Airlift Squadron (AMC), Travis AFB CA | T81LFLPG |

**II. UNIT MISSION DESCRIPTION**

The mission of the 312th Airlift Squadron is to train and provide qualified C-5 aircrews to fly worldwide airlift missions and augment the active duty forces under various readiness conditions up to and including full mobilization.

**III. JOB DESCRIPTION**

1. DUTY TITLE: AIRCRAFT COMMANDER C-5

2. KEY DUTIES, TASKS, AND RESPONSIBILITIES: Responsible for safe and timely movement of the largest aircraft in the Air Force, valued at over 100 million dollars. Supervises flight crews of up to 22 people and is directly responsible for the safety of up to 73 passengers. Has personal responsibility for the management of strategic airlift missions to include: contingency operations, Joint Army-Air Force Training exercises, NATO operations and Special Assignment Airlift Missions. Ensures strict compliance with Air Force, AMC and international flight procedures.

**IV. IMPACT ON MISSION ACCOMPLISHMENT**

- Volunteered to fly several critical airlift missions, supporting Air Force mobility objectives worldwide
- Noted for above average airmanship and aircraft systems knowledge during local training sortie
- Accumulated more than 5833 accident-free flying hours, contributing to unit safety record
- Successfully completed recurring instrument qualification checkride, resulting in passing rating
- Superior effort resulted in flawless completion of written examinations of aircraft systems and procedures
- Selected by squadron management to fly with less experienced crewmembers on sensitive missions
- Paved the way as one of the first pilots to transition to C-5 Flight Management System modified aircraft
- Negatively impacted Wing readiness by dissuading unit members from augmenting sister squadron
- Lack of participation adversely affected combat readiness and mission effectiveness of the squadron

| V. PERFORMANCE FACTORS | DOES NOT MEET STANDARDS | MEETS STANDARDS |
|---|---|---|
| **1. Job Knowledge** Has knowledge required to perform duties effectively. Strives to improve knowledge. Applies knowledge to handle nonroutine situations. | | X |
| **2. Leadership Skills** Sets and enforces standards. Motivates subordinates. Works well with others. Fosters teamwork. Displays initiative. Self-confident. Has respect and confidence of subordinates. Fair and consistent in evaluation of subordinates. | X | |
| **3. Professional Qualities** Exhibits loyalty, discipline, dedication, integrity, honesty, and officership. Adheres to Air Force standards. Accepts personal responsibility. Is fair and objective. | X | |
| **4. Organizational Skills** Plans, coordinates, schedules, and uses resources effectively. Schedules work for self and others equitably and effectively. Anticipates and solves problems. Meets suspenses. | | X |
| **5. Judgement and Decisions** Makes timely and accurate decisions. Emphasizes logic in decision making. Retains composure in stressful situations. Recognizes opportunities and acts to take advantage of them. | X | |
| **6. Communication Skills** Listens, speaks, and writes effectively. | | X |

**VI. RATER OVERALL ASSESSMENT**

- Acted as Aircraft Commander for several strategic airlift missions in support of Air Mobility Command
- Served for a period as Flight Commander for 10 junior pilots, providing mentoring and career guidance
- Capable officer; maintains standards for uniform/personal appearance and technical expertise
- While active in unit, maintained required flight and ground currency items, enhancing combat readiness
- Displayed questionable judgement during initial phases of the Anthrax Immunization program
  -- Inappropriately used leadership position in an attempt to influence other unit members to resist program
  -- Actively sought to foment discord and attempted to instill a culture of distrust for squadron leadership
- Displayed lack of military discipline by failing to respond to official correspondence from unit commander
  -- Repeatedly failed to provide unit with duty intentions resulting in repeated unexcused absences

Last performance feedback was accomplished on: ____________ *(consistent with the direction in AFI 36-2402.)*
*(If not accomplished, state the reason)*

Verbal performance feedback was given but not documented.

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | DUTY TITLE | DATE |
|---|---|---|
| JERALD L. BRUNZ, Lt Col, USAFR<br>312th Airlift Squadron (AMC)<br>Travis AFB CA | Flight Examiner Pilot C-5<br>SSN / SIGNATURE [signature] | 10 Mar 2000 |

**VII. ADDITIONAL RATER OVERALL ASSESSMENT** — [X] CONCUR — NONCONCUR

- Flying skills and general airmanship are admirable; an accomplished aviator
- Questionable decision making ability; negatively impacted squadron and wing mission accomplishment
- Rebuffed numerous informal and official attempts by squadron senior leadership to ameliorate situation
- Poor officership; demonstrated lack of integrity allowed personal feelings to cloud professional judgement
- Comments from the ratee were requested but not received within the time period

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | DUTY TITLE | DATE |
|---|---|---|
| FRANK J. PADILLA, Lt Col, USAFR<br>312th Airlift Squadron (AMC)<br>Travis AFB CA | Commander<br>SSN / SIGNATURE [signature] | 19 Apr 2000 |

**VIII. REVIEWER** — [X] CONCUR — NONCONCUR

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | DUTY TITLE | DATE |
|---|---|---|
| GERALD A. BLACK, Brig Gen, USAFR<br>349th Air Mobility Wing (AMC)<br>Travis AFB CA | Commander<br>SSN / SIGNATURE [signature] | 19 May 2000 |

**Instructions**

**All:** Recommendations must be based on performance and the potential based on that performance. Promotion recommendations are prohibited. Do not comment on completion of or enrollment in PME, advanced education, previous or anticipated promotion recommendations on AF Form 709, OER indorsement levels, family activities, marital status, race, sex, ethnic origin, age, or religion.

**Rater:** Focus your evaluation in Section IV on what the officer did, how well he or she did it and how the officer contributed to mission accomplishment. Write in concise "bullet" format. Your comments in Section VI may include recommendations for augmentation or assignment.

**Additional Rater:** Carefully review the rater's evaluation to ensure it is accurate, unbiased and uninflated. If you disagree, you may ask the rater to review his or her evaluation. You may not direct a change in the evaluation. If you still disagree with the rater, mark "NON-CONCUR" and explain. You may include recommendations for augmentation or assignment.

**Reviewer:** Carefully review the rater's and additional rater's ratings and comments. If their evaluations are accurate, unbiased and uninflated, mark the form "CONCUR" and sign the form. If you disagree with previous evaluators, you may ask them to review their evaluations. You may not direct them to change their appraisals. If you still disagree with the additional rater, mark "NONCONCUR" and explain in Section VIII. Do not use "NONCONCUR" simply to provide comments on the report.

**IX. ACQUISITION EXAMINER/AIR FORCE ADVISOR**
*(Indicate applicable review by marking the appropriate box(es).)* — ACQUISITION EXAMINER *(If applicable)* — AIR FORCE ADVISOR *(If applicable)*

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | SIGNATURE | DATE |
|---|---|---|
| | | 55 |

**DEPARTMENT OF THE AIR FORCE**
**Air Force Reserve Command**

13 Mar 00

MEMORANDUM FOR MAJOR MARC J. MILLICAN

FROM: 349 AMW/CC
520 Waldron Street
Travis AFB CA 94535-2100

SUBJECT: Intent To Remove From Recommended Promotion List

1. In accordance with AFI 36-2504, *Officer Promotion, Continuation And Selective Early Removal In The Reserve Of The Air Force*, I am recommending removal of your name from the FY 2000 Lieutenant Colonel promotion list.

2. The specific reason for this action is your inappropriate actions during the latter half of CY1999 to foment discord within the 312 AS and to purposefully undermine the credibility of squadron leadership. You have also attempted to disrupt the orderly operation of this unit and Wing by encouraging other unit members to disregard my directives. Further, during this same period, as well as into early CY2000, you have demonstrated a total lack of regard for Air Force policies and procedures by failing to acknowledge no less than three official written communications requiring your response. A Letter of Reprimand dated 19 Dec 99 covering much of this same behavior is attached. Such actions are inconsistent with the standard of conduct and professionalism expected of a senior field grade officer.

3. As a result, your promotion is delayed until the Secretary of the Air Force makes a decision on this recommendation. You are not to assume the higher grade even if your name appears on a promotion order. You may submit a statement on your behalf and include any supporting documentation you deem appropriate. Acknowledge receipt and understanding of this notification and return the notification, with your statement and supporting documents, if any, to me no later than 20 calendar days from the date of this letter.

GERALD A. BLACK, Brig Gen (Select), USAFR
Commander

Attachments:
1. LOR dated 19 Dec 99
2. Return envelope

cc: 349 OG/CC (no attachments)
312 AS/DO (no attachments)

EXHIBIT L 56

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR RESERVE PERSONNEL CENTER
6760 E IRVINGTON PL #2000
DENVER, CO 80280-2000

RESERVE ORDERS
BA- 1541

12 MAY 00

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

MAJ MILLICAN MARC J
2540 CURLEW CIR
ANCHORAGE AK 99515

BY ORDER OF THE SECRETARY OF THE AIR FORCE AND DIRECTION OF THE PRESIDENT, YOU ARE PROMOTED AS A RESERVE OF THE AIR FORCE TO THE GRADE SHOWN BELOW, PER 10 USC CHAPTER 1405. YOUR PROMOTION WILL BE VOID IF YOU ARE DISCHARGED, OR TRANSFERRED TO ISLRS OR RETIRED RESERVE PRIOR TO THE EFFECTIVE DATE OF PROMOTION.

COMPONENT: AFRES PAS: T81LFLPG

GRADE: LT COLONEL

EFFECTIVE DATE: 22 JUN 00

DATE OF RANK: 22 JUN 00

AUTHORITY: AFI 36-2504 SECTION: B

REMARKS:

FOR THE COMMANDER

OFFICIAL

LINDA A. MARTIN, COLONEL, USAF
CHIEF, RESERVE OF THE AIR FORCE, SELECTION BOARD SECRETATIAT

1 - 349 MSS/DPMPE
520 WALDRON ST
TRAVIS AFB CA 94535-2156

RO BA-1541

57

EXHIBIT M

**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS UNITED STATES AIR FORCE**
**WASHINGTON, DC**

25 May, 2000

HQ USAF/RE
1150 AIR FORCE PENTAGON
WASHINGTON DC 20330-1150

MAJ MARC J MILLICAN
2540 CURLEW CIR
ANCHORAGE AK 995151

Dear Major Millican

Congratulations on your selection for promotion! You have achieved this goal through outstanding performance, hard work, and dedication.

Your promotion elevates you to the level where we begin to look hard at potential future senior leaders in the Air Force Reserve. We have processes and tools to identify those future leaders. One of the criteria I want to place particular emphasis on is the accomplishment of Professional Military Education (PME) in-residence.

We, as an Air Force, have reached the final stages of our decades long evolution to a truly seamless Total Force. A prime objective is to seek participation of Air Force Reserve Command's future senior leadership in the resident PME experience. The benefits of such mutual experiences to the Total Force are obvious.

I encourage you to give strong consideration to applying for in-resident PME at the earliest opportunity available. Your base training managers (or HQ ARPC/DRM) can assist you with information on submitting an application to the Central School Selection Board. When you apply, attach this letter to your application.

Again congratulations and my best wishes for continued success!

Sincerely

James E. Sherrard III

JAMES E. SHERRARD III, Maj Gen, USAF
Chief of Air Force Reserve

58
M-2

DEPUTY SECRETARY OF DEFENSE
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

JAN 7 2002

MEMORANDUM FOR THE PRESIDENT

SUBJECT: Removal of Name From Promotion Board Report

On behalf of the Secretary of Defense, I recommend you remove the name of Major Marc J. Millican, United States Air Force Reserve, from the Fiscal Year 2000 Reserve of the Air Force Lieutenant Colonel Promotion List under the provisions of title 10, United States Code, Section 14310.

In 1999, Major Millican, while a member of the 312th Airlift Squadron, refused to undergo an anthrax immunization. He advised members of the squadron to refuse their anthrax inoculations. Additionally, he told members of the squadron, via e-mail, that the Squadron Commander did not care about them and that they should disregard his advice and directives. Major Millican received a letter of reprimand and an adverse performance report.

The Secretary of the Air Force states that he has serious reservations about Major Millican's future potential to serve in the higher grade. Accordingly, the Secretary of the Air Force recommends Major Millican's name be removed from the promotion list.

Your signature below will constitute removal of Major Millican's name from the promotion list.

Paul Wolfowitz

APPROVED: George W Bush
President of the United States

April 17, 2002
Date

W61287-01

EXHIBIT N 59

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR RESERVE PERSONNEL CENTER

2 October 2002

MEMORANDUM FOR MAJOR MARC J. MILLICAN, USAFR, 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

FROM: HQ ARPC/DPP
6760 E Irvington Pl #1500
Denver CO 80280-1500

SUBJECT: Second Deferral for Promotion

1. You were not recommended for promotion by the Reserve of the Air Force Selection Board that recently convened under the provisions of Air Force Instruction 36-2504, *Officer Promotion, Continuation and Selective Early Removal in the Reserve of the Air Force*. The specific reasons why you were not recommended are known only to the combined membership of the board.

2. Due to your second deferral for promotion, and in accordance with Title 10, United States Code, Section 14506, you will be automatically transferred to the Retired Reserve on your adjusted mandatory separation date( MSD) which is April 1 2003. If you do not wish to be transferred to the Retired Reserve, you **must** submit your request for resignation within 30 days prior to your MSD.

3. If you elect to resign rather than be transferred to the Retired Reserve, you will have no military status. You will be classified a "former member", and will not be entitled to commissary, exchange, or services (formerly MWR) privileges; and at age 60 you will be entitled to retired pay and medical care, if you apply for it.

4. It is to your benefit to be transferred to Retired Reserve instead of being discharged. You maintain your military status, and as a member of the Retired Reserve you remain a viable asset in the event of a Presidential recall. Additionally, you will be entitled to the benefits in paragraph 3 above. Finally, while assigned to the Retired Reserve, you will continue to earn years of service for computation of retired pay until you reach age 60.

5. If you have any questions regarding this letter, please contact Pauline Davis, HQ ARPC/DPPS, by e-mail address: pauline.davis@arpc.denver.af.mil or call DSN 926-6362 or toll free 1-800-525-0102, ext 71261.

Judy A. James

JUDY A. JAMES
Director of Personnel Program Management

cc:
349 MSS/DPMPS
HQ ARPC/DPPR

EXHIBIT 0 60

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR RESERVE PERSONNEL CENTER

HQ ARPC/DPPRA
6760 E Irvington Place #1910
Denver CO 80280-1910

1 May 2003

MAJ Marc I Millican, USAFR Retired, 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
2540 Curlew Cir
Anchorage AK 99502-1653

Dear Major Millican

The attached order effects your assignment to the Retired Reserve. A pamphlet explaining your rights and privileges as a member of the Retired Reserve is also furnished. Air Force Instruction 36-3209, Military Personnel Service Retirements, authorizes you to participate in a retirement ceremony at any Air Force base; however, you must coordinate time and place arrangements with host officials and assume all travel expenses to and from the place of ceremony.

Approximately four months prior to your 60th birthday, you will be furnished information and forms concerning your retirement benefits. While in the Retired Reserve and awaiting age 60, you are eligible for Veteran's Group Life Insurance (VGLI). If you wish to apply for the coverage, please complete the attached VGLI application form following instructions printed on the application. You must also forward a copy of your retirement order with your application. If you are currently enrolled in VGLI, you must reapply for coverage directly to the office of OSGLI, 212 Washington Street, Newark, NJ 07102. You should give this matter your immediate attention to ensure continued coverage.

You may continue using the Armed Forces Identification Card, DD Form 2AF (Reserve)(Red), now in your possession. If you do not possess a DD Form 2AF (Reserve) (Red), you may obtain one in accordance with the provisions of Air Force Instruction 36-3026, Identification Cards for Members of the Uniformed Services, Their Eligible Family Members, and Other Eligible Personnel, by contacting the nearest installation that issues the ID Cards. Locations of military installations in your area may be found in your local telephone directory under United States Government or at this internet site: http://www.dmdc.osd.mil/rsl/. Also, please notify HQ ARPC/DPSSA/B, 6760 E. Irvington PL #3800, Denver CO 80280-3800, or toll free 1-800-525-0102 ext 71388, if you change your address so there will be no interruption in mailing services.

You have our best wishes for the future.

Sincerely

Retirement Technician
Directorate of Personnel Program
Management

Attachments:
1. Reserve Order
2. VGLI Information Pamphlet

61

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR RESERVE PERSONNEL CENTER
DENVER, COLORADO 80280

17 APR 2003

RESERVE ORDER
EK-5862

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

MAJ MILLICAN MARC J
2540 CURLEW CIR
ANCHORAGE, AK 99502-1653

IS RELIEVED FROM CURRENT ASSIGNMENT, ASSIGNED TO THE RETIRED RESERVE SECTION AND PLACED ON THE USAF RESERVE RETIRED LIST EFFECTIVE AS INDICATED BELOW ENTITLED TO ARMED FORCES IDENTIFICATION CARD, DD FORM 2 AF(RESERVE) (RED).

CURRENT ASSIGNMENT FROM WHICH RELIEVED.
0312 ALF SQ TRAVIS AFB CA 94535 (PAS: T81LFLPG)

DATE ASSIGNED TO
RETIRED RESERVE
1 APR 2003

RETIRED RESERVE SECTION: ZA

DATE OF BIRTH: 7 JAN 1957 RETIREMENT IDENTIFICATION CODE: X6

AUTHORITY: AFI 36-3209, CHAPTER 5

REASON
ELIG FOR RETIRED PAY UNDER 10 USC 12731, EXCEPT FOR ATTAINMENT OF AGE 60

REMARKS
TRANSFER TO RETIRED RESERVE PRECLUDES PROMOTION/ PROMOTION CONSIDERATION.

PAY GRADE AT AGE 60 = (04) MAJOR

FOR THE COMMANDER

DISTRIBUTION: EK

OFFICIAL

CAROLE B. PACKHAM
CHIEF, RETIREMENT ELIGIBILITY DIVISION
DIRECTORATE OF PERSONNEL
PROGRAM MANAGEMENT

RO EK-5862

62

EXHIBIT B - MASTER MILITARY PERSONNEL RECORDS - WITHHELD

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS AIR RESERVE PERSONNEL CENTER

SEP 0 5 2003

MEMORANDUM FOR AFBCMR

FROM: HQ ARPC/DPB
6760 E. Irvington Place #2000
Denver CO 80208-2000

SUBJECT: Application for Correction of Military Record, Major Marc J Millican, USAFR (retired) 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 (AFBCMR Case #2003-02505)

1. The requested correction cannot be accomplished administratively at this headquarters.

2. The applicant requests:

a. Set aside his Officer Performance Report (OPR) 14 Jul 1998 – 29 Feb 2000;

b. Set aside letter of reprimand (LOR) dated 19 Dec 1999;

c. Set aside Propriety of Promotion action initiated 13 March 2000 and all related documents;

d. Set aside the removal from the FY 2000 Air Force Reserve Line Promotion Selection List on 17 April 2002;

e. Set aside his second deferral for promotion of 2 October 2002;

f. Set aside his automatic transfer to the Retired Reserve on 1 April 2003, his mandatory separation date (MSD);

g. Reinstate the promotion to lieutenant colonel retroactive to 30 June 2000 under 10 USC Section 14311(d) with constructive service credit in active participating status through 30 June 2003, with back pay and allowances for missed UTAs (unit training assemblies);

h. Retire as a lieutenant colonel effective 31 June 2003.

64
EX C

3. The following is an analysis of the factors surrounding the case.

a. The applicant received a referral Officer Performance Report (OPR) for the period 14 Jul 1998 through 29 February 2000 (Attachment 2).

1 The report was referral in nature because Section IV (Impact on Mission Accomplishment) noted "Negatively impacted Wing readiness by dissuading unit members from augmenting sister squadron" and "lack of participation adversely affected combat readiness and mission effectiveness of squadron"; Section V Performance Factors, was marked "Does Not Meet Standards" in Blocks 2 (Leadership Skills), 3 (Professional Qualities) and 5 (Judgments and Decisions); and Section VI (rater Overall Assessment) detailed questionable judgment during the initial phases of the Anthrax Immunization program and displaying lack of military discipline by failing to respond to official correspondence from the unit commander. The additional rater concurred with the rater adding he demonstrated a lack of integrity by allowing personal feelings to cloud professional judgment.

2 The basic premiseof evaluation reports is that they are accurate and objective. Therefore, strong evidence must be provided to overcome a report's presumed validity. The rating chain in effect (rater, additional rater and if appropriate the reviewer) would have the best knowledge of the performance and potential of any given officer, during the rating period.

3 IAW AFI 36-2406 *Officer and Enlisted Evaluation Systems*, paragraph 1.3 ..."The vast majority of Air Force personnel serve their entire career with honor and distinction; therefore, failure to document misconduct which reflects departure from the core values of the Air Force is a disservice to all personnel competing for promotion."

4 IAW AFI 36-2401, *Correcting Officer and Enlisted Evaluation Reports*, Attachment 1 paragraph A1.3, "The most effective evidence consists of statements from the evaluators or from other individuals in the rating chain when the report was signed." The applicant has provided no evidence from the rating chain in effect at the time the report was written, to indicate the report was incorrect or should be removed from his record.

5 The issue of timeliness must be addressed. The OPR in question closed-out 29 February 2000. The applicant did not raise the issue of inappropriateness until filing this application 21 July 2003. On the issue of timeliness alone, the request should be denied.

b. On 19 Dec 1999, the applicant's commander (Lieutenant Colonel Frank J Padilla) mailed a letter of reprimand (LOR) to the applicant's home address (Attachment 3). The LOR was based on the applicant engaging in acts of a nature to cause discontent and undermine military discipline. It further states the applicant attempted to persuade other members of the unit to refrain from flying missions for the 301st AS. The LOR was returned by the post office as unclaimed (Attachment 3-3).

1 The applicant has not presented any evidence to establish the LOR was incorrect or unjust. The applicant's commander was reacting to the situation as it presented itself; the

applicant was causing discontent and undermining military discipline within his unit. While the applicant may have felt taking the Anthrax immunization was inappropriate for himself, he did not have the right or authority to campaign against current Air Force policies. He had the right to decide for himself, but did not have the right create the documented discord and undermine military discipline within his unit.

2 The issue of timeliness must be addressed. The LOR in question was issued 19 Dec 1999. The applicant did not raise the issue of inappropriateness until filing this application 21 July 2003. On the issue of timeliness alone, the request should be denied.

c. The applicant was considered and selected for promotion by the FY00 Line and Health Professions Lieutenant Colonel Selection Board, which convened at HQ ARPC June 1999. On 13 March 2000, Brigadier General Gerald A Black (Commander, 349 AMW) initiated a Propriety of Promotion action (Attachment 4).

1 A Propriety of Promotion action is a delay in an officer's date of promotion, a removal of an officer's name from a promotion list, or information presented to the SecAF or a selection board that shows an officer may not be qualified for promotion. A commander initiates a Propriety of Promotion action when there is cause to believe that the officer is not mentally, physically, morally or professionally qualified to perform the duties of the higher grade.

2 Brig Gen Black notified the applicant he was recommending removal of his name from the FY 2000 Lieutenant Colonel Promotion list. His reasons were that the applicant fomented discord within the 312th AS and purposely undermined the creditability of squadron leadership; (the applicant) attempt to disrupt orderly operation of the unit and Wing by encouraging other members to disregard his (Brig Gen Black) directives; (the applicant had) a total lack of regard for Air Force policies and procedures by failing to acknowledge no less than three (3) official written communications requiring his (the applicant's) response.

(a) There was sufficient concern about the applicant's correct mailing address, that the 312th AS sent a query to the Postmaster in Anchorage, Alaska, to verify the applicant's address.

(b) The Postmaster responded that the address the unit had on record for the applicant was accurate (Attachment 5).

4 The letter from Brig Gen Black contains the phrase "You are not to assume the higher grade even if your name appears on a promotion order." The applicant received an order promotiong him to lieutenant colonel effective 22 Jun 2000 (Reserve Order BA-1541). The order was published 12 May 2000, approximately 5 weeks before the effective date.

5 On 30 May 2000, a message was retrieved from the Message Distribution System (transmitted by 349th MSS, Travis AFB, CA) (Attachment 6) notifying HQ ARPC of the Propriety of Promotion Action pending for the applicant. This notification followed the first review of the Propritey of Promotion action for legal sufficiency (Attachment 7) and prompted the action to "withhold" the applicant's promotion within the automated computer system



66

(preventing the promotion from consummating and halting an increase in pay and allowances), until the response from SecAF or the President was received. The promotion order was rescinded totally by Reserve Order BA 388, 9 August 2000 (Attachment 8).

6 The applicant has not provided information to contradict the underlying premise for the Propriety of Promotion Action. The applicant's commander initiated the Propriety of Promotion action because he believed the applicant was not mentally, physically, morally or professionally qualified to perform the duties of the higher grade. There is sound basis for the action to remove the applicant's name from the promotion list; i.e.: failure to acknowledge official written correspondence, undermining credibility of leadership, fomenting discord within the organization.

d. A letter from the Deputy Secretary of Defense, dated 7 January 2002, was sent to the President recommending the President remove the applicant's name from the Fiscal Year 2000 Reserve of the Air Force Lieutenant Colonel Promotion List under the provision of Title 10 United States Code, Section 14310 (the President may remove the name of any officer from a promotion list at any time before the date on which the officer is promoted). The President approved the removal action on 17 April 2002.

1 The applicant claims that according to 10 USC Section 14311, the maximum delay for a promotion is 18 months. He states that because his name was not removed from the FY 2000 lieutenant colonel promotion list until 22 months after his promotion date, the removal is unlawful and his promotion to lieutenant colonel should be reinstated.

2 10 USC Section 14310 is the statute providing for **removal** of officers from a list of officers recommended for promotion. 10 USC Section 14311 provides for involuntary **delay** of a promotion. Emphasis added because the sections provide for two distinct processes. Chapter 7 of AFI 36-2504, *Officer Promotion, Continuation and Selective Early Removal in the Reserve of the Air Force*, is also specific to reflect the two statutory provisions, section 7.5 addressing involuntary delays and section 7.8 addressing removal. The commander's letter of notification and all following actions sought removal, not delay. At all times during the process, 10 USC Section 14310 was the statutory authority for the removal.

3 The statute states in part: "The President may remove the name of any officer from a promotion list **at any time** before the date on which the officer is promoted." AFI 36-2504 provides in paragraph 7.8.4 "A commander's recommendation to remove an officer automatically delays the promotion until the SAF makes a decision on that recommendation…" Therefore, the June 2000 promotion (subsequently revoked) was void from the start as the promotion was halted prior to SAF decision, and would not affect the President's authority under the statue.

4 The applicant argues that any delay in process requires consideration of the delay statue, 10 USC Section 14311. Although we do not agree that this action falls within that statue, assuming for the sake of argument that the provisions of that statue would have to be met, the applicable time frames therein were in fact met. AFI 36-2504 paragraph 7.8.7 provides that "The

62

total period of delay...should not exceed 18 months, **excluding any period attributable to the officer**." The applicant requested and was granted an extension until 31 August 2000, to respond to the notification of removal. He did not respond. 1 September 2000 (the end of the period attributable to the officer) to 7 January 2002 (date of the Undersecretary's letter with Secretarial decision on the recommendation for removal) is 15 months and 1 week; 2 months and three weeks under the 18-month requirement. There is no time limit on Presidential action.

5 The Presidential removal of the applicant was statutorily and administratively proper pursuant to 10 USC Section 14310 and AFI 36-2504. It was found to be legally sufficient at all levels of review (Attachments 9 and 10) and forwarded by HQ AFRC/CV, 5 October 2000 (Attachment 11). There is no foundation for voiding the removal action.

e. There is no credible reason to set aside the second deferral for promotion by the FY03 Line and Health Professions Lieutenant Colonel Selection Board. The applicant was considered by a selection board duly appointed by the Secretary of the Air Force. The selection board members were expected to consider all officers without prejudice or partiality, having in view the special fitness of the officers under consideration and the efficiency and effectiveness of the United States Air Force. Additionally, the board members are charged to use the whole-person concept to assess the performance and potential of each considered officer, to serve in the next higher grade. The board members found the applicant was not as qualified as his peers and subsequently did not select him for promotion.

f. The applicant's automatic transfer to the Retired Reserve, on his mandatory separation date (MSD) of 1 April 2003 is appropriate.

1 The reason the applicant was automatically transferred to the Retired Reserve was because his MSD was established under 10 USC Section 14506 (officer twice not selected for promotion to the grade of lieutneant colonel must leave the Reserve active status list {RASL} [either through discharge or transfer to the Retired Reserve] when the officer achieves 20 years commissioned service or by the 1st day of the 7th month after the President approves the list of the board that did not select him for the second time, which ever is later). As the applicant was beyond 20 years commissioned service, his MSD was established at 1 April 2003, the 1st day of the 7th month after the President approved the list of the board that did not select him for the second time. Since he qualified for Reserve retired pay, he was automatically transferred to the Retired Reserve on his MSD.

2 If the applicant is not automatically transferred to the Retired Reserve, he must be discharged. Accepting discharge in-lieu-of transfer to the retired reserve could affect the applicant's retired pay at age 60 years. This is not in the best interests of the applicant.

g. Directly related to the request to reinstate the applicant's promotion, are the requests for constructive service credit in active participating status through 30 June 2003 and back pay and allowances for missed UTAs.



68

1 His nonparticipation was not the foundation for the Propriety of Promotion action and the subsequent removal by the President, of his name from the promotion list. The nonparticipation resulted from his refusal to accept the Anthrax immunizations in 1999. Had the applicant accepted the Anthrax immunizations or accepted a non-flying position (see subparagraph g 4 below), he could have continued to participate and accrue credit in an active status. He would not have missed (had "unexcused" absences) UTAs.

2 In a letter dated 22 Feb 1999, the applicant's commander, Lieutenant Colonel Frank J Padilla, notified the members of the 312th Airlift Squadron of the Air Force requirement for all members to obtain Anthrax immunizations. The letter clearly states the immunizations were to begin no later than 1 Jul 1999. If any member of the group did not wish to obtain the immunizations, he invited the member to come talk with him (applicant's attachment, Exhibit A).

3 Included in the applicant's package is the 312th Airlift Squadron Monthly Newsletter (May 1999) with an article discussing the Anthrax immunizations. It clearly states "As you know the deadline for receiving your first Anthrax shot is 31 May 1999. No pay or points are allowed after that date until you comply with this directive...." A second Newsletter is enclosed showing the deadline was the UTA (June) and reiterated the "no pay and points" aspect of non-compliance (applicant's attachment, Exhibit B).

4 In a letter dated 26 Jul 1999, the applicant's commander requests he either complete the enclosed AF Form 1288 (Application for Ready Reserve Assignment – "Ready Reserve" is training and participation authorized) or the enclosed AF Form 133 (Application for Transfer to the Retired Reserve) by 20 Aug 1999 or the remaining UTA periods this fiscal year will be considered unexcused (applicant's attachment Exhibit G). Absences are considered "excused" (not present for duty but with reasons acceptable to the chain of command to keep the officer on strength until the situation is rectified) or "unexcused" (not present for duty and no notification to commander). The commander sent the letter because the applicant had not begun his immunizations, was no longer eligible to perform UTAs, and the commander needed to know his intentions.

5 Another letter dated 15 Nov 1999 informed the applicant his commander was recommending he be involuntarily reassigned to the Standby Reserve (applicant's attachment Exhibit H) ("Standby Reserve" - no training or participation authorized). The specific reason was based on the applicant's unsatisfactory participation i.e. by his unexcused absences for UTAs in August, September, October and November 1999, and his failure to respond to the letter of 26 Jul 1999 requesting his intentions concerning his career.

6 In a letter dated 19 Dec 1999, the commander does in fact request the involuntary transfer of the applicant (applicant's attachment Exhibit H, Tab I).

7 There is clear and compelling evidence that the applicant made an informed choice to cease participating by opting to not take the Anthrax immunizations well before the Propriety of Promotion action was begun. The applicant was informed that the lack of immunizations would

69