make him ineligible to participate; he was repeatedly asked how he wished to continue his career (did he want to transfer to another participating Ready Reserve position or transfer to the Retired Reserve). The applicant never responded. This implies there was no concern by the applicant to continue his career in any capacity. He did not even make the attempt to have his failure to be present for duty an "excused" absence. He clearly demonstrates this as of August 1999, seven months prior to the beginning of the Propriety of Promotion action. He is not entitled to credit in an active participating status, with either pay or allowances, because he made his choice to voluntarily surrender that chance when he chose unexcused absences from duty.

h. The last request by the applicant is to retire as a lieutenant colonel effective 31[sic] June 2003. He was already retired on 1 April 2003 as a major. The applicant is not eligible to retire in the grade of lieutenant colonel on any date.

1 10 USC Section 1370(d) requires an officer above the grade of major to satisfactorily serve (as defined by the Secretary of the military department concerned) in the higher grade, for not less than 3 years.

2 The SecAF has determined that satisfactory service equates to earning a minimum of 50 participation points during the retention and retirement year, to result in a satisfactory year for retirement.

3 As stated above, the applicant clearly decided to stop participating and accrue "unexcused" absences from his duty station (August 1999) well before he would have pinned on the higher grade (June 2000) had the removal action not been initiated. Within 2 weeks of the August 1999 UTA, the promotion list for the FY00 Line and Health Professions Lieutenant Colonel selection board was made public knowledge (1 September 1999). At this time, the applicant again could have requested "excused" absences by contacting his commander and making equitable arrangements for his personal situation. By choosing "unexcused" absences (not informing his chain of command what his desires were) he effectively chose not to have this promotion impact on his retirement grade.

4. Recommend disapproval of the applicant's request in its entirety. Specifically:

a. Do not set aside the OPR for 14 July 1998 through 29 February 2000;

b. Do not set aside the LOR dated 19 December 1999;

c. Do not set aside the Propriety of Promotion action initiated 13 March 2000 and related documents;

d. Do not set aside the applicant's removal from the FY 2000 lieutenant colonel promotion list;

e. Do not set aside his second deferral of promotion to lieutenant colonel by the FY03 Line and Health Professions Lieutenant Colonel Selection Board;

f. Do not set aside his automatic transfer to the Retired Reserve on 1 April 2003;

g. Do not give the applicant "constructive service credit" in active participating status through 30 June 2003 with back pay and allowances for missed UTAs;

h. Do not retire the applicant as a lieutenant colonel.

5. Action officer is Diana Rotenbury-Melton, DSN 926-7193 or email diana.rotenbury@arpc.denver.af.mil.

D. M. ALDRICH, Colonel, USAF
Chief, Reserve of the Air Force
Selection Board Secretariat

Attachments
1. SAF/MIBR application, 28 Jul 03
2. Notice of Referral OPR, 13 Mar 00 w/OPR and certified return receipt "unclaimed"
3. LOR, 19 Dec 99 w/certified mail return receipt "unclaimed"
4. Propriety of Promotion Notification, 13 Mar 00
5. Address Verification, 13 Mar 00
6. Message, 26 May 00, retrieved 30 May 00
7. Legal Sufficiency, 349 AMW/JA 21 May 00
8. RO BA-388, 9 Aug 00
9. Legal Sufficiency, AFRC/JAM 16 Jun 00
10. Legal sufficiency, AFRC/JAM 20 Sep 00
11. Recommendation for Removal, AFRC/CV 05 Oct 00

71

DEPARTMENT OF THE AIR FORCE
Air Force Reserve Command (AFRC)

13 MAR 00

MEMORANDUM FOR MAJOR MARC J. MILLICAN
2540 Curlew Circle
Anchorage AK 99515-1353

FROM: 312 AS/CC
511 Waldron Street
Travis AFB CA 94535-2154

SUBJECT: Referral Officer Performance Report

1. In accordance with AFI 36-2402, *Officer Evaluation* System, para. 3.7, I am referring the attached Officer performance Report (OPR) to you. The OPR contains comments and ratings which make the report a referral as defined in the AFI. Specifically, the OPR references your actions in the latter half of CY1999 and early CY2000 to foment discord within this unit and undermine the credibility of squadron leadership, as well as your failure to respond to official communications.

2. Comment on the report by endorsement to this memo and sign in reproducible ink. Send the report and your endorsement to reach Lt Col J. Brunz not later than 30 calendar days from the date you receive this letter. A return envelope has been enclosed for this purpose. If you need additional time, request an extension from the individual named above. You may submit attachments (limited to ten pages), but they must directly relate to the reason the report was referred. Pertinent attachments will remain attached to the report filed in the personnel record. Your endorsement and any attachment you include may not contain any reflection on the character, conduct, integrity, or motives of the evaluator unless you fully substantiate and document the remarks. Contact the MPF career enhancement section (349 MSS/DPMSCE @ 707/424-1663) if you require any assistance in preparing your reply to the referral report.

3. If you believe this report is inaccurate, unjust, or unfairly prejudicial to your career, you may apply for a review of the report under AFI 36-2401, *Correction of Airman and Officer Evaluation Reports*, once the report becomes a matter of record as defined in AFI 36-2402, attachment 1.

FRANK J. PADILLA, Col (Select), USAFR
Commander

LTR MAILED CERTIFIED RETURN RECEIPT REQUESTED

22

2-1

Attachments:
1. AF Form 707A closing 29 FEB 00
2. Return envelope

cc: 349 OG/CC (no attachments)
312 AS/DO (no attachments)

1st Ind, Maj Millican

MEMORANDUM FOR 312 AS/CC

1. I acknowledge receipt of this memorandum, dated 13 MAR 00, on ____________.

2. I do/do not intend to submit matters for you to consider in evaluating this matter.

MARC MILLICAN, Maj, USAFR



73
22

# FIELD GRADE OFFICER PERFORMANCE REPORT

**I. RATEE IDENTIFICATION DATA** *(Read AFI 36-2402 carefully before filling in any item)*

| 1. NAME *(Last, First, Middle Initial)* | 2. SSN | 3. GRADE | 4. DAFSC |
|---|---|---|---|
| MILLICAN, MARC J. | 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 | MAJ non-EAD | 11A2A |

| 5. PERIOD OF REPORT | 6. NO. DAYS SUPERVISION | 7. REASON FOR REPORT |
|---|---|---|
| From: 14 Jul 1998 Thru: 29 Feb 2000 | 180 | Directed by Commander |

| 8. ORGANIZATION, COMMAND, LOCATION | 9. PAS CODE |
|---|---|
| 312th Airlift Squadron (AMC), Travis AFB CA | T81LFLPG |

**II. UNIT MISSION DESCRIPTION**

The mission of the 312th Airlift Squadron is to train and provide qualified C-5 aircrews to fly worldwide airlift missions and augment the active duty forces under various readiness conditions up to and including full mobilization.

**III. JOB DESCRIPTION**

1. DUTY TITLE: AIRCRAFT COMMANDER C-5

2. KEY DUTIES, TASKS, AND RESPONSIBILITIES: Responsible for safe and timely movement of the largest aircraft in the Air Force, valued at over 100 million dollars. Supervises flight crews of up to 22 people and is directly responsible for the safety of up to 73 passengers. Has personal responsibility for the management of strategic airlift missions to include: contingency operations, Joint Army-Air Force Training exercises, NATO operations and Special Assignment Airlift Missions. Ensures strict compliance with Air Force, AMC and international flight procedures.

**IV. IMPACT ON MISSION ACCOMPLISHMENT**

- Volunteered to fly several critical airlift missions, supporting Air Force mobility objectives worldwide
- Noted for above average airmanship and aircraft systems knowledge during local training sortie
- Accumulated more than 5833 accident-free flying hours, contributing to unit safety record
- Successfully completed recurring instrument qualification checkride, resulting in passing rating
- Superior effort resulted in flawless completion of written examinations of aircraft systems and procedures
- Selected by squadron management to fly with less experienced crewmembers on sensitive missions
- Paved the way as one of the first pilots to transition to C-5 Flight Management System modified aircraft
- Negatively impacted Wing readiness by dissuading unit members from augmenting sister squadron
- Lack of participation adversely affected combat readiness and mission effectiveness of the squadron

| V. PERFORMANCE FACTORS | DOES NOT MEET STANDARDS | MEETS STANDARDS |
|---|---|---|
| **1. Job Knowledge**<br>Has knowledge required to perform duties effectively.<br>Strives to improve knowledge.<br>Applies knowledge to handle nonroutine situations. | | X |
| **2. Leadership Skills**<br>Sets and enforces standards. Motivates subordinates. Works well with others. Fosters teamwork. Displays initiative. Self-confident. Has respect and confidence of subordinates. Fair and consistent in evaluation of subordinates. | X | |
| **3. Professional Qualities**<br>Exhibits loyalty, discipline, dedication, integrity, honesty, and officership.<br>Adheres to Air Force standards. Accepts personal responsibility.<br>Is fair and objective. | X | |
| **4. Organizational Skills**<br>Plans, coordinates, schedules, and uses resources effectively.<br>Schedules work for self and others equitably and effectively.<br>Anticipates and solves problems. Meets suspenses. | | X |
| **5. Judgement and Decisions**<br>Makes timely and accurate decisions. Emphasizes logic in decision making. Retains composure in stressful situations. Recognizes opportunities and acts to take advantage of them. | X | |
| **6. Communication Skills**<br>Listens, speaks, and writes effectively. | | X |

74 23

AF FORM 707A, 19991201 *(EF-V1)* PREVIOUS EDITION IS OBSOLETE.

**VI. RATER OVERALL ASSESSMENT**

- Acted as Aircraft Commander for several strategic airlift missions in support of Air Mobility Command
- Served for a period as Flight Commander for 10 junior pilots, providing mentoring and career guidance
- Capable officer; maintains standards for uniform/personal appearance and technical expertise
- While active in unit, maintained required flight and ground currency items, enhancing combat readiness
- Displayed questionable judgement during initial phases of the Anthrax Immunization program
  -- Inappropriately used leadership position in an attempt to influence other unit members to resist program
  -- Actively sought to foment discord and attempted to instill a culture of distrust for squadron leadership
- Displayed lack of military discipline by failing to respond to official correspondence from unit commander
  -- Repeatedly failed to provide unit with duty intentions resulting in repeated unexcused absences

Last performance feedback was accomplished on: ____________ *(consistent with the direction in AFI 36-2402.)*
*(If not accomplished, state the reason)*

Verbal performance feedback was given but not documented.

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | DUTY TITLE | | DATE |
|---|---|---|---|
| JERALD L. BRUNZ, Lt Col, USAFR<br>312th Airlift Squadron (AMC)<br>Travis AFB CA | Flight Examiner Pilot C-5 | | 10 Mar 2000 |
| | SSN: 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 | SIGNATURE: [signature] | |

**VII. ADDITIONAL RATER OVERALL ASSESSMENT** — [X] CONCUR [ ] NONCONCUR

- Flying skills and general airmanship are admirable; an accomplished aviator
- Questionable decision making ability; negatively impacted squadron and wing mission accomplishment
- Rebuffed numerous informal and official attempts by squadron senior leadership to ameliorate situation
- Poor officership; demonstrated lack of integrity allowed personal feelings to cloud professional judgement
- Comments from the ratee were requested but not received within the time period

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | DUTY TITLE | | DATE |
|---|---|---|---|
| FRANK J. PADILLA, Lt Col, USAFR<br>312th Airlift Squadron (AMC)<br>Travis AFB CA | Commander | | 19 Apr 2000 |
| | SSN: 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 | SIGNATURE: [signature] | |

**VIII. REVIEWER** — [X] CONCUR [ ] NONCONCUR

| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | DUTY TITLE | | DATE |
|---|---|---|---|
| GERALD A. BLACK, Brig Gen, USAFR<br>349th Air Mobility Wing (AMC)<br>Travis AFB CA | Commander | | 19 May 2000 |
| | SSN: 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 | SIGNATURE: [signature] | |

**Instructions**

**All:** Recommendations must be based on performance and the potential based on that performance. Promotion recommendations are prohibited. Do not comment on completion of or enrollment in PME, advanced education, previous or anticipated promotion recommendations on AF Form 709, OER indorsement levels, family activities, marital status, race, sex, ethnic origin, age, or religion.

**Rater:** Focus your evaluation in Section IV on what the officer did, how well he or she did it and how the officer contributed to mission accomplishment. Write in concise "bullet" format. Your comments in Section VI may include recommendations for augmentation or assignment.

**Additional Rater:** Carefully review the rater's evaluation to ensure it is accurate, unbiased and uninflated. If you disagree, you may ask the rater to review his or her evaluation. You may not direct a change in the evaluation. If you still disagree with the rater, mark "NON-CONCUR" and explain. You may include recommendations for augmentation or assignment.

**Reviewer:** Carefully review the rater's and additional rater's ratings and comments. If their evaluations are accurate, unbiased and uninflated, mark the form "CONCUR" and sign the form. If you disagree with previous evaluators, you may ask them to review their evaluations. You may not direct them to change their appraisals. If you still disagree with the additional rater, mark "NONCONCUR" and explain in Section VIII. Do not use "NONCONCUR" simply to provide comments on the report.

**IX. ACQUISITION EXAMINER/AIR FORCE ADVISOR**
*(Indicate applicable review by marking the appropriate box(es).)*

| | ACQUISITION EXAMINER *(If applicable)* | AIR FORCE ADVISOR *(If applicable)* |
|---|---|---|
| NAME, GRADE, BR OF SVC, ORGN, COMD & LOCATION | SIGNATURE | DATE |
| | | |

AF FORM 707A, 19991201 *(REVERSE) (EF-V1)*

75 2-4

DEPARTMENT OF THE AIR FORCE
312 AS CC
511 WALDRON STREET
TRAVIS AFB CA 94535-2154

OFFICIAL BUSINESS

CERTIFIED

Z 439 776 814

MAIL

MAR 15'00
CA

PB METER 7075646
3 2 0
U.S. POSTAGE

312 AS/77 - 1109

3-13
w 47

MAJOR MARC J NILLICAN
2540 CURLEW CIR
ANCHORAGE AK 99515-1353

Do not write on this envelope

76
2-5

Fold at line over top of envelope to the right of the return address

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)* B. Date of Delivery<br>C. Signature<br>X ☐ Agent ☐ Addressee<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>MAJOR MARC J NILLICAN<br>2540 CURLEW CIR<br>ANCHORAGE AK 99515-1353 | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☒ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |

2. Article Number *(Copy from service label)*
2 439 776 814

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

OPENED BY LT. S. D...
041800 @ 0913

77
2-6

DEPARTMENT OF THE AIR FORCE
AIR FORCE RESERVE COMMAND

19 DEC 99

MEMORANDUM FOR MAJOR MARC MILLICAN

FROM: 312 AS/CC
511 Waldron Street
Travis AFB CA 94535-2154

SUBJECT: Letter Of Reprimand

1. It has come to my attention that you have engaged in acts of a nature to cause discontent and undermine military discipline within this squadron. Specifically, after the members of this squadron were notified of the requirement to undergo the anthrax immunization series, you sought out and spoke with members of this squadron advocating that they refuse to undergo the anthrax protocol. Further, you actively encouraged other pilots to persuade additional members of your peer group (e.g. the pilot section) to defy official Air Force policy and refuse to undergo the anthrax immunization series. In furtherance of your apparent intent to raise discontent and disloyalty, you sent electronic mail to members of this squadron advising them that I do not care about them and encouraging them to disregard my advice and directives. On 2 September 1999, when I spoke with you by telephone regarding the anthrax immunization, you were also disrespectful to me in stating that I was not considering the best interest of the members of the squadron. During this same conversation, you also issued an implied threat against me by stating, "you better protect yourself." Finally, you attempted to persuade members of this unit to refrain from flying missions for the 301 AS, even though I had specifically requested such assistance be rendered due to their impacted manning levels. Your actions appear designed to disrupt the effectiveness of not just this squadron, but the Wing as a whole. For these actions, you are hereby reprimanded.

2. As a C-5 pilot and an officer in this wing, I expect you to exhibit the judgment and professionalism attendant with your responsibilities. I view your actions in encouraging discontent within the unit as a very serious breach in judgment and leadership. You have greatly compromised your integrity by these actions, and have called into question your abilities and leadership as an officer in the United States Air Force.

3. I intend to place this Letter of Reprimand in an Unfavorable Information File.

4. Privacy Act Statement: AUTHORITY: 10 U.S.C. 8013. Purpose: To obtain any comments or documents you desire to submit (on a voluntary basis) for consideration concerning this action. ROUTINE USES: Provides you an opportunity to submit comments, or documents for

78

3-1

consideration. If provided, the comments and documents you submit become a part of the action. DISCLOSURE: Your written acknowledgement of receipt and signature are mandatory. Any other comment or document you provide is voluntary.

5. You are directed to acknowledge receipt of this Letter of Reprimand by signing below and returning the document to me in the enclosed envelope. If you desire, you may respond to this action in writing no later than (30) days from this date. Any written response will be considered by me and attached to this Letter of Reprimand. An additional copy has been provided for your records.

FRANK J. PADILLA, Lt Col, USAFR
Commander

LTR MAILED CERTIFIED RETURN RECEIPT REQUESTED

cc: 349 OG/CC
312 AS/DO
312 AS/DOP

1st Ind, Maj Millican

MEMORANDUM FOR 312 AS/CC

1. I acknowledge receipt of this LOR, dated 19 DEC 99.

2. I do/do not intend to submit matters for you to consider in evaluating this matter.

MARC MILLICAN, Maj, USAFR

79
3-2

DEPARTMENT OF THE AIR FORCE
312 AS CC
511 WALDRON STREET
TRAVIS AFB CA 94535-2154

OFFICIAL BUSINESS

99-007

of the return address.

**CERTIFIED**
P 114 800 645
**MAIL**

2.90
U.S. POSTAGE
7075646

MAJOR MARC J MILLICAN
2540 CURLEW CIR
ANCHORAGE AK 99515-1353

4/N
12/27
1-?
1-11

Unclaimed
Addressee unknown
Insufficient Address
No such street ___ number ___
No such office in state ___
Do not remail in this envelope

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
MAJOR MARC J MILLICAN
2540 CURLEW CIR
ANCHORAGE AK 99515-1353

4a. Article Number
P 114 800 645

4b. Service Type
☐ Registered ☐ Insured
☒ Certified ☐ COD
☐ Express Mail ☒ Return Receipt for Merchandise

7. Date of Delivery
1-16

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991 ✩U.S. GPO: 1992—323-402 DOMESTIC RETURN RECEIPT

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

80
3-3

**DEPARTMENT OF THE AIR FORCE**
**Air Force Reserve Command**

13 Mar 00

MEMORANDUM FOR MAJOR MARC J. MILLICAN

FROM: 349 AMW/CC
520 Waldron Street
Travis AFB CA 94535-2100

SUBJECT: Intent To Remove From Recommended Promotion List

1. In accordance with AFI 36-2504, *Officer Promotion, Continuation And Selective Early Removal In The Reserve Of The Air Force*, I am recommending removal of your name from the FY 2000 Lieutenant Colonel promotion list.

2. The specific reason for this action is your inappropriate actions during the latter half of CY1999 to foment discord within the 312 AS and to purposefully undermine the credibility of squadron leadership. You have also attempted to disrupt the orderly operation of this unit and Wing by encouraging other unit members to disregard my directives. Further, during this same period, as well as into early CY2000, you have demonstrated a total lack of regard for Air Force policies and procedures by failing to acknowledge no less than three official written communications requiring your response. A Letter of Reprimand dated 19 Dec 99 covering much of this same behavior is attached. Such actions are inconsistent with the standard of conduct and professionalism expected of a senior field grade officer.

3. As a result, your promotion is delayed until the Secretary of the Air Force makes a decision on this recommendation. You are not to assume the higher grade even if your name appears on a promotion order. You may submit a statement on your behalf and include any supporting documentation you deem appropriate. Acknowledge receipt and understanding of this notification and return the notification, with your statement and supporting documents, if any, to me no later than 20 calendar days from the date of this letter.

GERALD A. BLACK, Brig Gen (Select), USAFR
Commander

Attachments:
1. LOR dated 19 Dec 99
2. Return envelope

cc: 349 OG/CC (no attachments)
312 AS/DO (no attachments)

81
4-1

1st Ind, Maj Millican

MEMORANDUM FOR 312 AS/CC

1. I acknowledge receipt of this memorandum, dated 13 MAR 00, on ____________.

2. I do/do not intend to submit matters for you to consider in evaluating this matter.

MARC MILLICAN, Maj, USAFR

DEPARTMENT OF THE AIR FORCE
Air Force Reserve Command (AFRC)

13 MAR 00

MEMORANDUM FOR POSTMASTER
Anchorage AK 99515

FROM: 312 AS/CCQ
511 Waldron Street
Travis AFB CA 94535-2154

SUBJECT: Verification of Address - Marc J. Millican

1. Greetings from sunny California and the US Air Force Reserves. I am requesting your assistance in verifying the official mailing address of a member of this unit, Major Marc J. Millican. It is imperative we have this member's correct address to ensure timely delivery of military related communications. Our records indicate Major Millican's address to be:

2540 Curlew Circle
Anchorage AK 99515-1353

2. Please verify below the accuracy of this information and indicate below any updates required. A return envelope has been enclosed.

☑ The address listed above is correct.

☐ The address listed above is not correct. The correct address is:

Signed: [signature] Title: CARRIER Date: 3/21/00

3. Thank you in advance for your assistance in this matter. If you have any questions, please do not hesitate to contact me at 707/424-5484.

ANCHORAGE AK HUFFMAN STA
MAR 21 2000
USPS

SAMUEL T. DICKSON, 1st Lt, USAFR
Operations/Administration Officer

Attachment:
1. Return envelope

83
5

**Mondragon Ralph A GS-09 HQ ARPC/DPEA**

**From:** Message Distribution System
**Sent:** Tuesday, May 30, 2000 8:18 AM
**To:** MDSCC; MDSDP
**Subject:** PROPRIETY OF PROMOTION

**Importance:** High

AuditTr.TXT

IMMEDIATE

O 261522Z MAY 00

FM 349MSS TRAVIS AFB CA//DPMSA//

TO HQ ARPC DENVER CO//DPJ//
HQ USAF WASHINGTON DC//REPS//
HQ AFRC ROBINS AFB CA//DP//
4 AF MARCH ARB CA//CC//
604RSG MARCH ARB CA//DP//

UNCLAS

SUBJECT: PROPRIETY OF PROMOTION

1.BRIGADIER GENERAL GERALD A. BLACK, 349 AMW/CC, HAS INITIATED AN ACTION TO REMOVE MAJOR MARC J. MILLICAN, SSAN 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, FROM THE FY00 LT COL PROMOTION LIST. MAJ MILLICAN IS CURRENTLY PROJECTED FOR PROMOTION TO LT COL EFFECTIVE 22 JUN 00.

2.THE SPECIFIC REASON FOR THIS ACTION IS MAJOR MILLICAN'S "INAPPROPRIATE ACTIONS DURING THE LATTER HALF OF CY 1999 TO FOMENT DISCORD WITHIN THE 312 AS AND TO PURPOSEFULLY UNDERMINE THE CREDIBILITY OF THE SQUADRON LEADERSHIP." ADDITIONALLY, HE "ATTEMPTED TO DISRUPT THE ORDERLY OPERATION OF THIS UNIT AND THE WING BY ENCOURAGING OTHER UNIT MEMBERS TO DISREGARD MY DIRECTIVES. FURTHER DURING THIS SAME PERIOD, AS WELL AS INTO EARLY CY2000", MAJOR MILLICAN "DEMONSTRATED A TOTAL LACK OF REGARD FOR AIR FORCE POLICIES AND PROCEDURES BY FAILING TO ACKNOWLEDGE NO LESS THAN THREE OFFICIAL WRITTEN COMMUNICATIONS" REQUIRING HIS RESPONSE. MAJOR MILLICAN RECEIVED A LETTER OF REPRIMAND ON 19 DEC 99 AND SUBSEQUENTLY AN UNFAVORABLE INFORMATION FILE. FINALLY, HE RECEIVED DIRECTED BY COMMANDER REFERALL OPR WITH A CLOSEOUT DATE OF 29 FEB 2000.

3.THIS PROPRIETY OF PROMOTION ACTION WAS INITIATED 13 MAR 00 AND THE OFFICER WAS NOTIFIED OF THIS ACTION THE SAME DATE, VIA CERTIFIED MAIL. MEMBER HAS REFUSED DELIVERY OF THIS ACTION, AS WELL AS OTHER CORRESPONDENCE TO DATE. CONFIRMATION OF ADDRESS WAS RECEIVED ON 21 MAR 00.

POINT OF CONTACT IS MSGT BONILLA, DSN 837-1664 OR SMSGT MATSUOKA, DSN 837-1668.

84
6

**DEPARTMENT OF THE AIR FORCE**
AIR FORCE RESERVE COMMAND

21 May 2000

MEMORANDUM FOR 349 MSS/DP
520 WALDRON STREET
TRAVIS AFB CA 94535-2181

FROM: 349 AMW/JA
520 WALDRON STREET
TRAVIS AFB CA 94535-2123

SUBJ: Legal Review of Removal from Promotion List Action:
MAJOR MARC J. MILLICAN, 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, 312 AS, Travis AFB

1. IAW AFI 36-2504, Table 7.1, Step 9, I have reviewed the Propriety of Promotion - Removal from Promotion List action concerning Major Marc J. Millican, and I find the record to be legally sufficient to support this action. This file was received in our office on 21 May 2000 for review.

2. Lt Col Millican was selected for promotion to Lieutenant Colonel and is scheduled to assume that rank on 22 June 2000 . Lt Col Padilla, Major Millican's commander recommended that Major Millican be removed from the promotion list and sent a letter by registered mail to Major Millican dated 13 Mar 2000, this letter was left "unclaimed" by Major Millican. (IAW AFI 36-2504, para 7.3, the initiation of the action must be by the wing commander. When this requirement was discovered, the wing commander issued a letter initiating the action of the same date). Colonel Gerald Black, 349 AMW/CC initiated the removal from promotion list action on 13 March 2000 by letter sent certified mail to Major Millican. Major Millican has left "unclaimed" this correspondence and other correspondence sent to his home address by the 312 AS. Major Millican's address was verified as correct by the post office on March 21, 2000.

3. The reason for this action is detailed in the documents accompanying the Intent to Remove from Recommended Promotion List. In summary, the reason for the recommendation is that Major Millican refused to undergo the anthrax immunization series, and then became a vocal advocate against the anthrax immunization to the point of e-mailing members of the unit in July 1999 encouraging refusal, and then denigrating certain individuals who elected to undergo the immunizations. Major Millican's actions were directed at undermining the leadership of the command and aimed at disrupting the unit's operation. In particular, Major Millican made disparaging remarks about the leadership of Lt Col Padilla. On 19 December 1999, Lt Col Padilla issued a Letter of Reprimand to Major Millican for his conduct. This letter of reprimand

*85

7-1

was sent certified mail, return receipt requested and was returned unclaimed. Major Millican has left unclaimed or refused the following pieces of official correspondence from the Air Force:

a. 18 Nov 99 – regular mail – letter to Major Millican re: Involuntary Re-Assignment
b. 19 Dec 99 – registered mail – Letter of Reprimand to Major Millican
c. 13 Mar 00 – registered mail – Notification of Referral OPR
Notification of Intent to Remove from Promotion List
d. 21 Mar 00 – registered mail – Notification of Unfavorable Information File

Major Millican last performed any military duty with the 349th AMW in July 1999, and has accumulated unexcused absences since that time.

4. AFI 36-2504, para 7.2 provides that a commander may initiate a propriety of promotion action when there is cause to believe an officer is not mentally, physically, morally or professionally qualified to perform the duties of the higher grade. The actions and non-actions by Major Millican as detailed in the package support this action.

5. AFI 36-2504, para 7.4 states that the commander must inform the officer of the recommendation, either verbally or in writing, before the effective date of promotion. Note 3 to Table 7.1 of AFI 36-2501 provides that when an officer has a pending propriety of promotion action and does not acknowledge receipt of written notification, the postal receipt showing proof of mailing, or the return postal receipt indicating delivery will suffice as acknowledgement. In this case, the file contains the "unclaimed" envelope dated 15 March 2000 which was returned to the wing unopened. Accordingly, under these circumstances, the command has taken adequate action to inform Major Millican of this action.

6. Although I believe that the command has taken appropriate steps to notify Major Millican of this action, out of an abundance of caution, I recommend that the 19 Dec 99 Letter of Reprimand, the 13 Mar 00 Notification of Referral OPR, the 13 Mar 00 Notification of Intent to Remove from the Promotion List, and the 21 Mar 00 Notification of Unfavorable Information File be sent in an envelope, regular mail, to Major Millican's address, and a memo detailing this final mailing be included in this package.

7. I recommend that IAW AFI 36-2504, Table 7.1, step 10, that this action and record be transmitted from 349 AMW/CC to 4 AF/CC and to HQ USAFR for final action.

SAMUEL C. MULLIN III, Lt Colonel, USAFR
Staff Judge Advocate

Atch
Removal Action – Major Millican

86
7-2

REQUEST AND AUTHORIZATION FOR CHANGE OF ADMINISTRATIVE ORDERS
*(If more space is required, use reverse, identifying items by number)*

| TO: | FROM: | TELEPHONE |
|---|---|---|
| HQ ARPC/DPB,6760 E IRVINGTON PL #2000 DENVER CO 80280-2000 | HQ ARPC/DPBA, 6760 E IRVINGTON PL #2000 DENVER CO 80280-2000 | DSN 926-6398 |

THE FOLLOWING ORDER IS: ☐ AMENDED AS SHOWN IN ITEM 5 ( ☒ *Rescinded* ☐ *Revoked* ☒ *Totally* ☐ *In Part*)

IDENTIFICATION OF ORDER BEING CHANGED *(Issued by this Headquarters unless otherwise stated in item 6.)*

| 1. BASIC ORDER | | | | 2. PREVIOUSLY AMENDED BY | | |
|---|---|---|---|---|---|---|
| A. PARA | B. ORDER *(Type and Number)* | C. DATE | D. TED ☐ PCS WITH PCA *(EDCSA)* ☐ PCS WITHOUT PCA | A. PARA | B. ORDER *(Type and Number)* | C. DATE |
| | RO BA 1541 | 20000512 | | | | |

3. RELATING TO *(TDY, PCS, Short Tour of AD, etc.)*
PROMOTION

4. IDENTIFICATION OF INDIVIDUALS TO WHOM CHANGE ACTION PERTAINS

| A. GRADE | B. LAST NAME, FIRST, MIDDLE INITIAL | C. SSAN OR CIVILIAN POSITION TITLE | D. ORGANIZATION |
|---|---|---|---|
| MAJOR | MILLICAN, MARC J.<br>2540 CURLEW CIRCLE<br>ANCHORAGE AK 99515-1353 | 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 | T81LFLPG |

5. AMENDMENT *(Identify item in order being amended)*

| A. ITEM | AS READS | IS AMENDED TO READ |
|---|---|---|
| | | |

| B. ITEM | IS AMENDED TO *(Include) (Delete)* |
|---|---|
| | |

6. REMARKS
PROPRIETY OF PROMOTION

7. ACCOUNTING CITATION

| 8. DATE | 9. ISSUING/APPROVING OFFICIAL *(Typed name, grade, and title)* | 10. SIGNATURE |
|---|---|---|
| 20000809 | RALPH A. MONDRAGON<br>CHIEF,PROMOTION ELIGIBILITY DIVISION | Ralph A. Mondragon |

| 11. DESIGNATION AND LOCATION OF HEADQUARTERS | 12. ORDER *(Type and Number)* | 13. DATE |
|---|---|---|
| **DEPARTMENT OF THE AIR FORCE**<br>HEADQUARTERS AIR RESERVE PERSONNEL CENTER<br>DENVER CO | RO BA - 388 | 20000809 |
| | 14. TDN<br>FOR THE COMMANDER | |

| 15. DISTRIBUTION | 16. SIGNATURE ELEMENT OF ORDERS AUTHENTICATING OFFICIAL |
|---|---|
| BA PLUS<br>349 MSS/DPMPS<br>520 WALDRON ST<br>TRAVIS AFB CA 94535-2181 | AIR RESERVE PERSONNEL CENTER OFFICIAL<br>DARRYL W. THOMPSON, Colonel, USAF<br>Chief, Reserve of the Air Force Selection Board Secretariat |

AF FORM 973, 19831001 *(EF-V4)* PREVIOUS EDITION WILL BE USED.

DEPARTMENT OF THE AIR FORCE

AIR FORCE RESERVE COMMAND

16 Jun 2000

MEMORANDUM FOR HQ AFRC/CV

FROM: HQ AFRC/JAM

SUBJECT: Legal Review of Propriety of Promotion Action (Removal) - Major Marc J. Millican, 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, 312th Airlift Squadron, Travis AFB CA

1. The subject action is legally sufficient. I recommend the removal of Major Millican from the FY00 Lieutenant Colonel promotion list.

2. CASE FILE.

a. Major Millican was selected for promotion by the FY00 Air Force Reserve Line and Health Professions Lieutenant Colonel Promotion Selection Board with a promotion effective date of 22 Jun 00.

b. In a memorandum dated 13 Mar 00, Brig Gen Black, 349 AMW/CC, notified Major Millican of his recommendation to remove him from the FY2000 Lieutenant Colonel promotion list. Brig Gen Black based his action on attempts by Major Millican to create discord within the 312 AS and to undermine the credibility of squadron leadership.

c. Maj Gen Whaley, 4 AF/CC, concurs in the action.

d. The notification memorandum was sent to Major Millican's home address in Anchorage, Alaska via certified mail. It was returned by the Postmaster as unclaimed. Address verification was requested and the Postmaster indicates that the address used is correct.

e. Major Millican last performed military duty with 312 AS in Jul 99. He has accumulated unexcused UTA absences since that time.

3. DISCUSSION.

a. This action is governed by AFI 36-2504, Chapter 7. In the subject case, all due process rights have been afforded to Major Millican. Although the AFI requires an officer to acknowledge receipt of the notification memorandum, Table 7.1, Note 3, states that a postal receipt indicating delivery will suffice as acknowledgment. Here, the case file contains such proof.

b. A commander's recommendation to remove an officer's name from a promotion list automatically delays the promotion. AFI 36-2504, para 7.4.3.

88 9-1

c. Commanders initiate a propriety of promotion action when there is cause to believe that the officer is not mentally, physically, morally, or professionally qualified to perform the duties of the higher grade. A preponderance of the evidence proves that Major Millican is unfit to assume the grade of lieutenant colonel. The core of military readiness is the maintenance of good order and discipline. By his actions, Major Millican attempted to undermine this core.

(1) The case file contains a LOR, dated 19 Dec 99. It reprimands Major Millican for attempting to cause discontent and undermine discipline within the 312 AS. Specifically, Major Millican advised members of the squadron to refuse their anthrax inoculations. He also told members of the squadron via e-mail that the 312 AS/CC did not care about them and they should disregard his advice and directives. Moreover, he encouraged other pilots not to fly missions for the 301st Airlift Squadron in spite of 312 AS/CC's request to render assistance due to unit's impacted manning levels. The LOR was sent to Major Millican via certified mail, but it was returned as unclaimed.

(2) The case file contains a referral OPR. In it, Major Millican was downgraded for Leadership Skills, Professional Qualities, and Judgment and Decisions in Block V.

4. <u>OPTIONS</u>. Your options are:

a. Disapprove the action and return the case file through channels to Brig Gen Black.

b. Recommend approval of the action.

5. <u>RECOMMENDATION</u>. Based on the evidence, you should recommend approval of Major Millican's removal from the FY2000 Lieutenant Colonel promotion list.

P. Christopher Clark

P. CHRISTOPHER CLARK, Lt Col, USAF
Director, Military Law

Attachment
Case File

DEPARTMENT OF THE AIR FORCE
AIR FORCE RESERVE COMMAND

20 September 2000

MEMORANDUM FOR HQ AFRC/DPMB
ATTENTION: Ms Lowery

FROM: HQ AFRC/JAM

SUBJECT: Removal From Promotion List – Major Marc J. Millican

1. This responds to your 15 September request for a second review of the subject case to ensure the file "remains legally sufficient." By 349 AW/CC memorandum dated 31 July 2000, Maj Millican was granted an extension until 30 August 2000 to reply to the action. According to a 9 September 2000 memorandum from 349 AW/CC, the 31 July 2000 memorandum was sent by certified mail and was returned by the Postal Service on 31 August 2000 as unclaimed. Maj Millican submitted no reply to the action.

2. There has been no substantive change in the file as a result of the extension of time Maj Millican was given. Consequently, the file remains legally sufficient. However, because it predates the extension, the AFRC/CV memorandum dated 5 July 2000 should be withdrawn from the file and reaccomplished.

3. Although the 9 September 2000 349 AW/CC memorandum indicates a copy of the return notification on the certified mail was attached ("The certified package was returned unclaimed (Attachment 1) …"), it is missing from the file. A copy of the envelope showing the reason the package was returned should be obtained an included in the file as was the case with the other mailings to Maj Millican in this case.

JOHN M. PELLETT, Lt Col, USAF
Director of Military Law

DEPARTMENT OF THE AIR FORCE
AIR FORCE RESERVE COMMAND

0 3 OCT 2000

MEMORANDUM FOR HQ USAF/RE

FROM: AFRC/CV
155 2d St
Robins AFB GA 31098-1635

SUBJECT: Propriety of Promotion, Major Marc J. Millican, 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

The attached case file pertaining to Major Marc J. Millican is forwarded in accordance with AFI 36-2504, Table 7.1. I recommend that Major Millican's name be removed from the FY00 Air Force Reserve Line and Health Professions Lieutenant Colonel Promotion Selection Board select list.

DAVID R. SMITH, Maj Gen, USAF
Vice Commander

Attachment:
Case File

91 11

DEPARTMENT OF THE AIR FORCE
REVIEW BOARDS OFFICE
RANDOLPH AIR FORCE BASE TEXAS

Office of the Assistant Secretary

26 SEP 2003
Docket # BC-2003-02505

SAF/MRBR
550 C Street West Suite 40
Randolph AFB TX 78150

Maj MARC J MILLICAN USAFR Retired
2540 CURLEW CIRCLE
ANCHORAGE AK 99502-1653

Your case has been forward to the Air Force for Correction of Military Records (AFBCMR). The attached advisory opinion(s) prepared by the office(s) of primary responsibility are forwarded for your review and comment, if desired.

***THIS IS NOT THE DECISION ON YOUR APPLICATION***

You have 30 days from the date of this letter to comment on the advisory opinion(s) or provide additional evidence in support of your request to the AFBCMR. If you need more time to comment, you must ask that your case be temporarily withdrawn until such time as you are able to proceed. If you have nothing further to add, a response is not necessary. **ALL FURTHER CORRESPONDENCE SHOULD BE SENT TO:**

**AFBCMR**
**1535 COMMAND DRIVE EE WING 3RD FLOOR**
**ANDREWS AFB MD 20762-7002**

We cannot predict when your case will be decided, but assure you that it will be processed in its turn as rapidly as possible and will receive fair and objective consideration. The AFBCMR staff will not provide further status, so the next correspondence you receive will normally be the decision on your case.

**Please address all correspondence to the AFBCMR at Andrews AFB MD at the above address.** Include your social security/service number and your AFBCMR Docket Number on all correspondence.

For further information of a general nature, visit our web site at www.afpc.randolph.af.mil/safmrbr.

William J Anderson

WILLIAM J ANDERSON, DAFC
Chief Review Boards Office
Air Force Review Boards Agency

Attachment
Advisory Opinion(s)

FL-1
Revised 1 Oct 01

92
EX D

Reply to:
32975 St. Moritz Drive
Evergreen, CO 80439
(303) 670-3825
Fax 670-1586

*CORRECTION

John A. Wickham, Esq.
Admitted in Virginia,
District of Columbia
& Military Courts

# John A. Wickham & Associates
## Attorneys-at-Law

17 November 2003

Air Force Board for Correction of Military Records (AFBCMR)
Department of the Air Force
Washington D.C. 20330-1430

FAXED 17 Nov 03

Re: Dkt. BC-2003-02505,
MARC J. MILLICAN, Major, USAFR (Ret.) 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

SUBJECT: 1. Request for leave to file reply to advisory opinion (due 10 Nov)
2. Reply to advisory opinion

Board:

Counsel for applicant respectfully requests leave to file his reply to the advisory opinion out of time by 8 days. A letter from the BCMR dated 30 Oct 03 automatically denied the 30-day extension request and giving counsel 10 days to either reply, withdraw the application (by 10 Nov), or have the board act without a response. Counsel understands the Congressional mandate to timely complete all BCMR applications but was unaware the AFBCMR (unlike the other service boards) refuses to grant extensions in every case. Counsel believes the timeliness mandate does not limit the Board's discretion to allow exceptions due to hardship.

Counsel in his extension request stated that his wife had recently given birth to twin boys after a problematic c-section, and is now suffering from a rare post-partum hyperclampsia (dangerously high blood pressure). Counsel is taking temporary leave of absence from his law practice. Counsel is a sole practitioner and cannot reassign the case to other counsel. Counsel was first notified of the denial of the extension request by his office assistant on 13 Nov 2003. Therefore, counsel requests the board grant leave of 7 days to permit consideration of the following reply to the advisory opinion.

RESPONSE TO ADVISORY OPINION, 5 SEP 2003

1. The advisory opinion simply parrots various language within AF instructions offering little to address applicant's specific allegations against the LOR referral OPR, or to explain why his evidence should be dismissed as not credible. Dickson v. Sec'y of Defense, 68 F.3d 1396, 1405 (BCMR's cursory language that merely parrots language from [regulation] without providing account of how it reached its results is inadequate basis for decision).

A. For example, the Adv.Op. quotes AFI 36-2410 that the "most effective evidence consists of statements from the evaluators." The Opinion then offers a cursory statement that "applicant had no right to campaign against current policies." But there is no analysis of applicant's evidence of policy statements from his evaluator, LTC Padilla: during the Anthrax cool-off period claiming "studies showed no long-term side effects," while encouraging unit members to "talk to people you know and trust" about the vaccine before you make a choice— a pandora's box.[1] Applicant had just been selected for LTC, and trusted among his peers and subordinates. Applicant returned from participating in Congressional hearings in Washington DC but learned that claims of safety studies were false and

[1] Supplemental Statement ¶ 3.



93
EX E

misleading. Applicant's participation as a witness in the hearings made him the trusted focal point of fellow unit members for information. Fueling this round-robin approach to military decision-making were applicant's reservist peers— civilians with aviation careers on the line with horror stories of health effects from an experimental vaccine. Applicant became a *de facto* whistle-blower.

B. The hearings were not a charade but caused a Presidential E.O. banning experimental drugs by DoD without voluntary consent. Congressional Committee chairmen then sent a letter to DoD to halt the Anthrax vaccines. A lawsuit was filed by other service-members. Although DoD curiously suspended the program for alleged shortages, this entire chronology backfired on Padilla's policy to encourage individual decision-making through computer chat-rooms. Applicant offered this public knowledge to his peers — not the diabolical mutiny his commander strains to portray in the LOR and OPR. The Adv.OP. does not dispute the reasonableness of applicant's actions responding to his commander's open-forum policy. Rather, the adverse documents and UIF were to single out a few— particularly Congressional witnesses— to end the discussion. In other words, trying to put the proverbial genie back in the bottle .

2. With respect to the promotion delay statute, the advisory opinion is not a legal opinion, nor offers analysis of the Rolader case, nor why its regulatory spin on the law makes no sense. The Advisory Opinion claims that the promotion removal and delay statutes must operate separately, thereby implying that the Air Force (and any service) can delay any promotion forever under the "removal label" to circumvent the 18-month outer limit. But this completely guts § 14310, as the Rolader court pointed out. In fact, the Adv.Op. admits that applicant's promotion was delayed when a notice to HQ ARPC on 30 May 2000 "prompted an action to *withhold* applicant's promotion," so he was never promoted nor received LTC pay [italics added]. Accordingly, § 14310 was triggered and his orders for appointment effective 22 Jun 00 were rescinded. The Air Force had 18 months from his effective date of promotion to take final action. Because the Air Force believed it could ignore the delay limit, it had no need for suspense dates or moving forward with any alacrity.

A. Nor can regulatory exceptions be read into the delay statute to circumvent the 18-month outer limit (Adv.Op. claiming that AFI 36-2504 tacks on any delay "attributable to the officer." ).[2] Because the delay statute is not ambiguous on this point (and no legislative history suggests exceptions), the established legal rules for statutory construction leave no room for those who implement it to later conveniently insert exceptions or additions. Moreover, the opinion does not respond to case law that says no deference is due to a service's regulatory interpretation of a statute when other services implement it. It is hoped that an applicant's service BCMR has the professional integrity to take a reasoned, independent position on whether a service regulation is contrary to law, as opposed to a rubber-stamp process that forces reluctant service members into court. Gonzalez v. United States, 44 Fed.Cl. 764 (1999)(BCMR ignored federal law when its decision simply rubber-stamped Army regulation that denies reserve officers a pre-discharge hearing).

Respectfully submitted,

John A. Wickham, Esq.
Attorney for applicant

[2] Counsel notes that the Congressionally imposed 10-month time limit on processing BCMR cases, which was invoked by this Board, has been interpreted by the AFBCMR to *not* include any delay attributable to applicants— thereby denying any extensions to reply to advisory opinions.



94