IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARC J. MILLICAN | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | No. 05-1330 C (LJB) |
| THE UNITED STATES | ) | |
| Defendant, | ) | |

PLAINTIFF'S MOTION TO TRANSFER

Plaintiff pursuant to 28 U.S.C. § 1631 moves to transfer his case to the U.S. District Court (D.D.C.) in the interests of justice. The claim is not for retrospective "money damages" but an equitable action for a declaration, injunction, and purely prospective "monetary relief" while the U.S. District Court is the only forum offering adequate relief under the Administrative Procedure Act, 5 U.S.C. §§ 702, 706. Bowen v. Massachusetts, 487 U.S. 879, 895 (1988) (federal district court and not claims court has jurisdiction by distinguishing "monetary relief" under APA from "money damages" under Tucker Act, 28 U.S.C. 1491); District of Columbia v. United States, 67 Fed.Cl. 292, 308 (2005)(Bowen began complex practice of distinguishing the facts and issues of the Medicaid reimbursement dispute for various other disputes to decide appropriate forum to bring monetary claims).

Plaintiff has separately moved to stay all further briefing pending the Court's ruling on the transfer motion. Plaintiff submits this motion now to avoid further waste of judicial resources because it is likely this Court will *sua sponte* raise jurisdictional issues. Secondly, plaintiff agrees with defendant's assertion in its opening brief that implies lack of jurisdiction. First, defendant correctly states that even if this Court grants relief, no money is "presently due" as it involves no back pay. Secondly, changing Mr. Millican's retired "reserve" rank *perhaps* may result in money due in the future, but this is both entirely prospective and speculative—reservists not on active duty do not draw retired pay until reaching age 60 (Millican is 49), while

the pay statute is not money-mandating as he is only "eligible" to later apply for retirement pay at 60. Major Millican in 2003 was transferred to the inactive reserve status list and not retired from the regular component. 10 U.S.C. § 12735 (a)(reservist "eligible" for retired pay after 20 years may be transferred to inactive status list until reaching age 60); § 12731(a)(reservist not entitled to retired pay until reaching age 60, and then must apply). Thirdly, even if this Court changes the retired rank retroactive to 2003, it still cannot award back pay for missed drills because the reserve pay statute is not money mandating. Palmer v. United States, 38 Fed.Cl. 316, 336 (1997)(37 U.S.C. § 204 does not authorize back pay for reservist not ordered and did not actually perform the duty).

Defendant's counsel, in subsequent conversation prompted by undersigned counsel, indicates defendant will oppose this motion. Defendant's counsel suggests that Millican should simply wait until the year 2017 or later after age 60 when he might successfully apply for and begin receiving reserve retired pay. However as set forth below, defendant's intended opposition is wholly without merit—a smoke screen. It is a disingenuous, pre-emptive attempt to improperly "oust a district court of its normal jurisdiction under the APA", a tactic condemned under Bowen. Id.487 U.S. at 904. It is a ruse to deprive Millican of *any forum* to remedy the present stigma to his military and overlapping civilian reputation as a pilot: the demotion, reprimand, and adverse performance report— all for the serious offense of allegedly "causing discontent and disloyalty" among his fellow unit members to refuse the Anthrax immunizations as an "experimental drug" not certified as safe.

The D.C. Circuit in February 2006 did vacate the injunction against the AVIP after the FDA issued a final order in December 2005 [DoD Anthrax Vaccine Immunization Program]. But for purposes of supporting a transfer to the District Court, vacating the injunction does not defeat the arguable basis of Millican's claim that the AVIP was not certified safe in 1999, and

thus an unlawful order.[1] Moreover, Millican raised in his complaint other constitutional, procedural, and evidentiary irregularities relating to the Air Force's discipline, removal of his name from the promotion list, and BCMR decision. Compl ¶¶ 24, 29, 38.

I. **The Court should transfer the case in the interests of justice and judicial economy**.

A. Background

Plaintiff's counsel filed his complaint in the COFC relying on the legislative history amending the Tucker Act in 1997 that added language to section (a)(2) to permit incidental equitable remedies ancillary to money damages. Haskins v. United States, 51 Fed.Cl. 818, 822 (2002)(Congressional amendment anticipated military personnel would "generally sue for money damages arising for placement in wrong retirement status"). Bowen has been applied in the COFC to transfer military members' claims not involving retrospective damages. James v. Caldera 159 F.3d 573 (Fed.Cir. 1998)(COFC jurisdiction for back pay for failure to extend enlistment but removal of bar to re-enlistment was proper APA claim for transfer); Crane v. United States, 41 Fed.Cl. 338 (1998)(granting transfer motion of APA reinstatement claim returning case to district court since plaintiff did not request back pay or whether it would be due; court will not waste judicial resources guessing about what plaintiff may or may not do). Schmidt v. United States, 3 Cl.Ct. 190 (1983)(although no jurisdiction to hear time-barred back pay claim from wrongful discharge, transfer granted to district court to hear discharge upgrade to Honorable).

[1] Doe v. Rumsfeld, 2006 WL 592934 (9 Feb. 2006)(refused government's requests to vacate lower court's decision and to declare case moot, remanding to lower court to hear those requests). Regardless whether the lower court may vacate its injunction decision, the FDA implicitly admits in its 2005 final order that the 1998 AVIP operated without any declaration that the vaccine was safe and effective, as required by 21 C.F.R. § 601.25 (all biological products licensed before 1972 will be reviewed for safety, effectiveness, and misbranding, with FDA publishing a final order). 70 Fed.Reg. 75180, 75181-82 (Dec. 19, 2005)("final rule and final order in 1985 concerned bacterial vaccines other than AVA"). See Doe, 297 F.Supp.2d 119, 122-23 (D.D.C. 2003)(internal advisory panel only recommended a proposed rule, while citing a 1959 "Brachman Study" that stated the vaccine's "efficacy against inhalation anthrax is not well documented...no meaningful assessment of its value against inhalation anthrax is possible due to its low incidence.")).

It appears no court has ruled post-Bowen on the novel question here— whether the COFC has jurisdiction to hear a claim of placement in the wrong retired status that *may* implicate purely prospective reserve retired pay and when there is no entitlement to such future pension under a money mandating statute. Millican is distinguishable from a reservist seeking retroactive placement in an active duty retired status (with back pay) after reaching the 18-year statutory "sanctuary zone." Bond v. United States 47 Fed.Cl. 642, 664-65 (2000). Millican's complaint does request transfer to the "retired reserve at a higher grade with an increase of retired pay." But this phrase is not dispositive. Courts have a duty to ascertain if a claim is in "essence or in substance" for money damages under the Bowen test. District of Columbia, 67 Fed. Cl. at n. 12.

As a preliminary matter, this case raises unusual issues while plaintiff is promptly moving in good faith to transfer. Therefore, this is not a situation where the complaint is an attempt to "artfully recast" the relief to circumvent APA jurisdiction when a "naked money" judgment exists. Cf. Consolidated Edison of New York v. DOE, 247 F.3d 1378, 1385 (Fed.Cir. 2001)(after filing in COFC to obtain an overlapping retrospective refund of payments and prospective injunction on future payments, plaintiff could not re-file in District Court by deleting reference to damages recovery when relief is "naked money judgment" that would relieve or moot future obligations). It is undisputed that Millican's claim, however written or amended, cannot result in any retrospective money judgment.[2] And if Millican was just forum shopping, he would have initially filed in various U.S. District Court venues where, as mentioned in his complaint, there are related pending cases involving the AVIP. Compl. ¶ 22, n. 8.

B. Only a U.S. District Court under the APA can provide an adequate remedy.

The Supreme Court in Bowen interpreted the 1976 amendment to the APA prohibiting dismissal of an action "seeking relief other than money damages." 5 U.S.C. § 702. The court recognized the established distinction between damages intended to provide a victim with

---

[2] If necessary, Millican can amend his complaint to clarify these facts. However, courts may go outside the record, such as this motion, to decide jurisdictional questions.

recovery of monetary compensation for a past injury and an equitable action for specific relief, the latter may include an injunction either directing or restraining the defendant officer's future actions. Id 893 ("the fact that a judicial remedy may require one party to pay money to another is not sufficient reason to characterize the relief as 'money damages.' "); First Hartford Corp, v. United States, 194 F.3d 1279, 1294 (Fed.Cir. 1999)(claims court cannot order non-monetary equitable relief such as in a declaration for specific performance).

The COFC cannot provide Mr. Millican with complete, adequate remedy because the relief sought is not for a sum certain of money as "compensatory relief to substitute for a past suffered loss. . . [but] a "specific remedy to give the plaintiff the very thing to which he was entitled." Bowen 895 (citing example of traditional specific performance of a promise to pay in the future). In Millican's situation, his request to change his retired reserve rank is in essence an APA injunction directing the Air Force to undo the stigma that ruined his once outstanding reputation, now as a disgraced Air Forced pilot reprimanded and demoted for alleged seditious misconduct. This also cannot be a request for retrospective money due for any financial loss to Major Millican. It is an equitable remedy in specific performance to promise eligibility to let him apply in the future for a pension as a LTC, albeit without certainty.

Moreover, the present stigma to Mr. Millican's reputation is significant. It overlaps to adversely impact upon his civilian job as a professional airline pilot, a profession regulated by strict FAA guidelines. Compl. ¶ 1. See Calloway v. Brownlee, 366 F.Supp. 2d 43, n. 8 (D.D.C. 2005) (although removing two adverse performance reports might result in future promotion, their issue at end of soldier's career with an otherwise outstanding record "is a clear stigma associated with leaving the Armed Forces" and sufficient to invoke APA jurisdiction). In sum, the COFC cannot issue an injunction to remedy this real and ongoing harm to his reputation because it simply cannot declare prospective entitlement to apply for a reserve pension at a

higher grade, particularly when Mr. Millican may not reach age 60 or perhaps decline a Air Force reserve pension.[3]

Defendant would suggest that the courts tell Mr. Millican to go home and wait for over decade until he had some retrospective damages to collect. But the court in Bowen did not tell those plaintiffs to pack up and come back later. This is utter folly because it ignores a final agency action that has seriously injured Mr. Millican's reputation, now portrayed as an untrustworthy loose cannon— a commercial pilot prone to spreading disloyalty and dissent within an organization. 5 U.S.C. § 702 (a person suffering a legal wrong because of agency action, or adversely affected or aggrieved, is entitled to judicial review thereof). Bowen sets forth a test to decide the forum to remedy this injury. Rieshick v. United States, 21 Cl.Ct. 621, 625 (1990)("Bowen was concerned with a declaration of entitlement to *prospective* entitlements, when plaintiff's claim is purely retroactive [italics in original]" ); City of Wheeling, West Virginia. v. United States, 20 Cl.Ct. 659, 664, n. 3 (1990)("Bowen addressed whether claims were proper in Claims Court only if for money damages presently due"); Marathon Oil v. United States, 17 Cl.Ct. 116, 118-19 (1989)(Bowen limited jurisdiction to money claims presently due).

Consolidated Edison suggests resolution of this jurisdictional question because there is no overlapping retrospective damages—a District Court's injunction to undo the present career harm of the demotion and reprimand will moot or relieve the obligation of the courts and parties to address prospectively Mr. Millican's entitlement to apply for a reserve pension as a LTC. Cf. Id at 1385 (COFC had jurisdiction because "relief from its retrospective obligations will also relieve it from the same obligations prospectively").

[3] Major Millican could be recalled to active status or active duty and later qualify for a regular retirement. Or he may work for a state or federal agency and convert his reserve time towards a civilian pension.

C. There is an "ongoing relationship" between Major Millican and Air Force.

Complicating jurisdiction by the COFC, the Court in Bowen raised the additional concern whether there existed an ongoing relationship between the parties over the amount of prospective entitlements. Id 905; District of Columbia, 67 Fed.Cl. at 308-09 (citing Katz v. Cisneros, 16 F.3d 1204 (Fed.Cir. 1994)(rejecting transfer to claims court when involved prospective relief and would affect monitoring of any ongoing relationship between parties). This factor was extended in an unpublished decision to deny transfer from the COFC because the plaintiff was former military member discharged 24 years earlier. Smalls v. United States, 87 Fed.Appx 167, 168, n. 2 (Fed.Cir. 2004)(aside from the back pay claim as primary objective, court rejected discharged service member's alternative argument to transfer to District Court alleging because "unlike Bowen, there is no ongoing relationship between Small and the United Stares [military]." ).

In contrast to Small, Major Millican was not discharged nor retired. The COFC would have to monitor and supervise the relationship to determine if Millican reaches age 60, then applies for a pension, and then granted a pension. Secondly, his relationship with the military was not severed, so that recall may alter any future entitlements. In 2003 he was transferred to an "inactive" reserve status, subject at any time to recall into either active status or active duty. 10 U.S.C. 12735(c)(Secretary may at any time recall to active status a member who reached 20 years and transferred to the inactive status); AFI 36-3203, *Retirements* (2003)(Secretary may at any time order retired reservist to active duty under § 8911). Moreover, Major Millican's unique skill as a pilot for the largest military aircraft (C-5) is a repeated shortage making them subject to "stop-loss" policies preventing separation. Compl. ¶ 4 (his unit stop-lossed in 1999); see 10 U.S.C § 688a ("retired aviators: temporary authority to order to active duty" allowing recall of those having expertise as an aviator); e.g. Doe v. Rumsfeld, 435 F.3d 980, 984-85 (9th Cir. 2006)(discussing current stop-loss policies under 10 U.S.C. 12303). The military announced in 2005 an Air Force reserve mobilization. DoD Release No. 1187-05 (16 Nov. 2005).

D. Transfer in the interests of justice

Dismissal instead of transfer, on the basis that a back pay claim is not ripe as defendant would suggest, would be prejudicial to Millican's right to undo the stigmatizing injury to his reputation as an officer and pilot. Schmidt, at 194 (although back pay was time-barred, transfer in interests of justice to permit upgrade of stigmatizing service). Moreover, dismissal will unjustly force additional filing fees and a new complaint with procedural delays to hear Millican's claim to restore his good name. Ramos-Velez v. U.S. Dep't of Justice, 826 F.Supp. 615 (D.C. P.R. 1993)(interests of justice favors transfer to avoid additional filing fees, new claim review, and prejudicial delay); McCann v. United States, 12 Cl.Ct. 286 (1987)(manifest injustice for Claims Court to dismiss instead of transfer to District Court where interest of justice served); New Mexico Energy & Minerals Dept., v. U.S. Dept. Interior, 820 F.2d 441 (D.C.Cir.1987) (federal policy liberally allows transfer of case brought without in court jurisdiction; best interest of parties to transfer rather than begin case anew); Orona v. United States, 4 Cl.Ct. 81 (1983) (§ 1631 is not a jurisdictional grant, but merely permits transfer of action to court which action could have been brought at time it was filed).

Transfer would be in the interest of justice because venue is proper in the U.S. District Court (D.D.C.), and plaintiff's counsel is admitted to that Court's bar. Smith v. Dalton, 927 F.Supp. 1 (D.D.C.1996)(denied Navy motion to transfer venue to U.S. District Court (E.D.Va.).[4]

CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court find that jurisdiction is lacking and transfer the case to the United States District Court (D.C).

[4] Id at 6-7 ("Courts have consistently allowed military secretaries to be sued in the District of Columbia, because he performs a significant amount of official duties in jurisdiction, are the President's principal military advisors, maintains offices here, and actively involved with Congressional committees and agencies...").

March 29, 2006

Respectfully submitted,

a/s, John A. Wickham, Esq.
32975 Saint Moritz Drive
Evergreen CO. 80439-6720
(303) 670-3825