**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MILLICAN, MARC J.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 05-1330C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER**

Plaintiff now concedes that, as stated in the United States' Motion to Dismiss, this Court lacks jurisdiction over much of his claim because (1) no money is presently owing to plaintiff, even if the Court finds in his favor; and (2) plaintiff's entitlement to money damages in the future – retirement pay at a higher pay grade – is purely speculative.

Plaintiff now changes tack and asks this Court under 28 U.S.C. § 1631 to transfer his complaint to a court that he believes will have jurisdiction to do what this Court cannot: declare that certain actions by the Air Force related to Mr. Millican's involuntary retirement were unlawful, and entitle him to the potential for retirement pay at a higher grade some time in the future. Mot. To Transfer at 5-6. While Mr. Millican argues that he now wants to label his action "equitable," the fact remains that he is explicitly and unavoidably seeking money damages from the United States. Under these circumstances, whether the claim is brought in this Court (under the Tucker Act) or district court (under the Little Tucker Act), the necessary result of dismissal is the same. More importantly, because the "true nature of the action" is a claim for monetary relief, there is no jurisdiction under the APA. Finally, given that Mr. Millican's money claim

depends on two future, independent, and discretionary actions by the Secretary of the Air Force – a determination that he should be promoted to Lieutenant Colonel and a determination of his retirement pay – Mr. Millican's claim is not ripe in any court. Accordingly, a transfer would not serve the interests of justice and the motion should be denied.

## ARGUMENT

### I. Federal Circuit Precedent Controls Tucker Act Claims Regardless of Trial Forum

The Federal Circuit has exclusive jurisdiction over all appeals from this Court under 28 U.S.C. § 1491 (the Tucker Act), as well as all appeals from district courts where jurisdiction is based on 28 U.S.C. § 1346 (known as the Little Tucker Act). 28 U.S.C. § 1295(a); United States v. Hohri, 482 U.S. 64 (1987). Accordingly, because Federal Circuit law applies to Little Tucker Act claims in the district court, the law as set forth in our opening brief would equally apply to bar their claims in district court, as it does in this Court.

Mr. Millican now agrees that a court lacks jurisdiction to review retirement claims of servicemembers where no retirement pay is presently owing. He agrees that his claim for a higher retired pay grade is, therefore, barred given that he is not yet eligible to apply for retired pay. This concession is important where his complaint cites only one money-mandating statute, namely the Reserve retired pay statute at 10 U.S.C. § 12731(a), as a basis for this Court, and ostensibly a district court, to grant monetary relief. Compl. at 1.

Thus, under the Tucker Act (in this Court) or the Little Tucker Act (in district court), plaintiff does not and cannot assert that money from the Government is currently due and owing to him. As we demonstrated in our motion to dismiss, and plaintiff now agrees, this fact voids current Tucker Act jurisdiction. Todd v. United States, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004)

quoting United States v. Testan, 424 U.S. 392, 398 (1976) and United States v. King, 395 U.S. 1, 3 (1969)). For this reason, there is no district court jurisdiction under the Little Tucker Act.

## II. Mr. Millican's Motion To Transfer Is In Reality A Hastily-Constructed Detour To Avoid Tucker Act Jurisdiction

In an artful attempt to manufacture APA jurisdiction in a district court, Mr. Millican muddies the waters as to the exact relief he intends to seek if permitted to transfer his complaint. At one point in his motion he discusses the need to remedy the injury to his reputation as a military and civilian pilot caused by the reprimand and adverse evaluation report. Mot. to Transfer at 2. At another point he seems to seek a declaration that the Air Force order to participate in the AVIP was unlawful. Id. at 2-3. Later, however, he concedes that his complaint is primarily a request to order the Air Force to transfer him to the "retired reserve at a higher grade with an increase of retired pay." Id. at 4. While several aspects of his requested relief facially appear to fall within APA jurisdiction, it is the substance, not the form of the claim that is controlling. Mr. Millican's claim, no matter how packaged, remains one for money damages:

> In sum, the COFC cannot issue an injunction to remedy this real and ongoing harm to his reputation because it simply cannot declare prospective entitlement to apply for a reserve pension at a higher grade, particularly when Mr. Millican may not reach age 60 or [may] perhaps decline an Air Force reserve pension.

Id. at 5-6.

At the outset, the APA is only a waiver of sovereign immunity for non-money claims against the Federal Government. 5 U.S.C. § 702. See Clark v. Library of Congress, 750 F.2d 89 (D.C. Cir. 1984). Moreover, "it is well settled that a plaintiff . . . should not be allowed to avoid the jurisdictional (and hence remedial) restrictions of the Tucker Act by casting its pleadings in terms that would enable a district court to exercise jurisdiction under a separate statute." Williams v. Secretary of the Navy, 787 F.2d 552, 557 (Fed. Cir. 1986); see also Brazos Elec.

Power Coop. v. United States, 144 F.3d 784, 787 (Fed. Cir. 1998) (this Court's "jurisdiction cannot be circumvented by artful pleading and, accordingly, we customarily look at the substance of the pleadings rather than their form."). Mr. Millican has done exactly this in his motion to transfer, arguing that his claim should be recast as one seeking only equitable relief. At bottom, however, the "true nature" of Mr. Millican's claim is still for the opportunity for increased pay at the rank of Lieutenant Colonel. Maier v. Orr, 754 F.2d 973, 982 (Fed. Cir. 1985).

Mr. Millican attempts to rely on Bowen v. Massachusetts, 487 U.S. 879 (1988), for the proposition that "the U.S. District Court is the only forum offering adequate relief under the Administrative Procedure Act." Mot. to Transfer at 1. However, neither Bowen nor its progeny supports a transfer to district court under the facts of this case. In Bowen, the Supreme Court held that the Commonwealth of Massachusetts was not seeking money damages in challenging a Health and Human Services (HHS) order refusing to reimburse the Commonwealth for certain health care costs. Bowen, 487 U.S. at 893-95. Under the facts in Bowen, the court held that the Commonwealth was seeking a "specific remedy" under a statute, not compensation for a loss suffered. Id.

In contrast to the Commonwealth of Massachusetts, Mr. Millican *is* seeking compensation for a loss suffered, namely retired pay for a loss of promotion that he believes was unjustly denied him. The fact that the retired pay may become payable in the future is not relevant much less dispositive; Mr. Millican asks for money, period. Moreover, Mr. Millican has presented no "complex questions of federal-state interaction" "that a district court would be in a better position to understand and evaluate than a single tribunal headquartered in Washington."

Bowen, 487 U.S. at 908. Thus, contrary to Mr. Millican's contention, Bowen does not support his motion to transfer.

Other courts have applied Bowen to facts far more similar to those alleged by Mr. Millican. In James v. Caldera, 159 F.3d 573 (Fed. Cir. 1998), the Federal Circuit was faced with two separate claims, the first to remove a bar to reenlistment from a soldier's records, the second to void the denial of his formal request to extend his enlistment. The first claim was within the scope of the APA because it was clearly not for money damages: the plaintiff was seeking merely the removal of the bar certificate from his file and the exercise of his right to appeal the bar. Id. at 580-81. The second claim was more problematic. The Federal Circuit held that the extension of enlistment claim could be a money claim to the extent James was seeking back pay for the period of the extension he believed he was wrongfully denied: "[T]he extension would have continued him in active duty status for five months. Accordingly, he would have been entitled to the basic pay of his grade . . . ." Id. at 582. The court then remanded the matter to the district court to determine if applicable statutes and regulations gave James a "firm right" to the extension; if so, the claim would be money seeking and jurisdiction would not be proper in a district court under the APA. Id. at 582-83.[1] In contrast to the plaintiff in James, Mr. Millican

[1] In his dissent in James, Judge Michel disagreed that there was any reason to remand to the district court to determine Tucker Act jurisdiction. Judge Michel was very concerned that the court's holding could be construed as an invitation to creative litigators seeking (as Mr. Millican seeks here) an "escape route from Tucker Act jurisdiction":

> Plaintiffs from today forward can simply phrase their complaints to seek only equitable relief of military record correction, when their true goal is to obtain the monetary relief of back pay and benefits. By phrasing their complaints in this psueudo-equitable form, plaintiffs will avoid what to them may seem the less palatable aspects of the Tucker Act's waiver of sovereign immunity . . . most significantly the experience and expertise of the [COFC] judges in the law of military pay and benefits which may make prevailing harder."

James, 159 F.3d at 589-90 (Michel, J., dissenting).

argues that he has a future right to retired pay at a higher rank (see Compl. at 13 and Mot to Transfer at 5); there is no confusion as to the monetary nature of his claim.

In Mitchell v. United States, 930 F.2d 893 (Fed. Cir. 1991), the Federal Circuit held that the claim of a former officer for retirement credit, active duty back pay, and reinstatement was clearly within the jurisdiction of the Tucker Act, and that jurisdiction was barred under the APA. The court came to this conclusion notwithstanding the fact that the plaintiff's central claim was that his involuntary discharge was unlawful, a seemingly non-money claim. Id. Similarly, Mr. Millican charges improper treatment at the hands of the Air Force, but his claim is nonetheless for money damages.

The issue before the Court is whether Mr. Millican explicitly or implicitly seeks money damages from the United States. See Crane v. United States, 41 Fed. Cl. 338, 340 (1998). The answer to this jurisdictional inquiry focuses on "the true nature of the action," not merely a plaintiff's artful drafting. National Ctr. For Mfg. Sciences v. United States, 114 F.3d 196, 199 (Fed. Cir. 1997). In this case, while Mr. Millican has camouflaged his underlying money objective in a discussion of his reputation, the stigma caused by the Air Force, and the (in his mind) unjust reprimand and passover for promotion, see Mot. to Transfer at 5-6, his money goal is not in doubt: in his own words, he seeks "an equitable remedy in specific performance to promise eligibility to let him apply in the future for a pension as a LTC." Id. at 5. Obviously, the difference between the pension of a retired Lieutenant Colonel and that of a Major is measured in dollars.

While Mr. Millican may find the Government's opposition to his motion to be the equivalent of telling him "to go home and wait for over a decade until he had some retrospective damages to collect," see Mot. to Transfer at 6, the jurisdiction of this Court and the district courts

to award remedial money damages is nonetheless so restricted. He also complains near the close of his motion that denying the motion "would be prejudicial to [his] right to undo the stigmatizing injury to his reputation as an officer and pilot." Id. at 8. However, it is the obvious money-seeking terms of Mr. Millican's complaint and motion to transfer that have prejudiced that "right" (assuming one exists) by demanding an entitlement to future retired pay from the United States. Where Mr. Millican is the master of his complaint and the relief he requests, there is no injustice in this case. There is a wholly adequate remedy for him in this Court, albeit one that is not yet ripe, and irrespective of whether he is ever qualified to receive it. Mitchell, 930 F.2d at 896. For these reasons, the Court should reject Mr. Millican's attempt to avoid Tucker Act jurisdiction under the guise of an APA claim.

## III. Because Mr. Millican's Claim Depends On Two Independent Discretionary Determinations By The Air Force, The Claim Is Not Ripe In Any Court

Under 28 U.S.C. 1631, Mr. Millican must establish (1) that this Court has no jurisdiction over his claim; and (2) that it would be "in the interest of justice" to transfer the action to another court. Both parties now agree that the first prong on the transfer statute is satisfied; however, we disagree that Mr. Millican has established the second prong. The phrase "in the interest of justice," while undefined in the statute, must at least mean that the receiving court has jurisdiction to hear the action and grant the requested relief. As explained above, Mr. Millican has not established that a district court would have jurisdiction over his claim, whether under the Little Tucker Act or the APA. Moreover, as explained below, Mr. Millican's ultimate claim for retired pay at the rank of Lieutenant Colonel is not ripe where it is dependent on two discretionary actions by the Air Force, actions that have not yet taken place for a court to review.

It is beyond purview that no court is empowered to order the selection of a military member for promotion to a higher rank. Porter v. United States, 163, F.3d 1304, 1316-17 (Fed.

Cir. 1998); Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804, 816 (1979) ("We have repeatedly made clear that deciding who gets a promotion is not our responsibility"); Brenner v. United States, 202 Ct. Cl. 678, 692-94 (1973) ("No court is in a position to resolve and pass upon the highly complicated questions and problems involved in the promotion procedure"). This is because, as the Supreme Court has noted, "judges are not given the task of running the military." Orloff v. Willoughby, 345 U.S. 83, 93 (1953). Moreover, the Federal Circuit has held that a court has no authority to review, much less reverse, the removal of a servicemember from a promotion list by the President. Dysart v. United States, 369 F.3d 1303, 1317 (Fed. Cir. 2004).

Against this backdrop, two actions are necessary to supply the factual predicate for Mr. Millican's claim for retirement pay in the rank of Lieutenant Colonel. First, the Secretary of the Air Force would have to accede to Mr. Millican's request to convene a Special Selection Board (SSB), the SSB would have to recommend him for promotion, and he would have to be promoted to the rank of Lieutenant Colonel. See 10 U.S.C. § 14502. As explained in more detail in the next section of this brief, because Mr. Millican has never even requested that his records be sent to an SSB, there is no determination under 10 U.S.C. § 14502 to review.

Second, assuming Mr. Millican *could at some point in the future* satisfy the first requirement and obtain the promotion to Lieutenant Colonel, a second discretionary action would be required before he could invoke this court's review: the Secretary of the Air Force must determine that, notwithstanding Mr. Millican's promotion to Lieutenant Colonel, he should nonetheless receive retired pay in the rank of Major. See 10 U.S.C. § 1370(d)(3)(A) (retired pay computed by using highest rank satisfactorily held for three years). Of course, one potential basis for such a Secretarial decision could be, as we pointed out in our motion to dismiss, that Mr. Millican has not held the rank of Lieutenant Colonel for one day, much less three years.

Moreover, court review of such a discretionary determination by the Secretary, if permitted at all, would be limited to whether the Secretary followed applicable regulations and procedures. See, e.g., Fisher v. United States, 364 F.3d 1372, 1381-82 (Fed. Cir. 2004).

Without these two discretionary determinations (under 10 U.S.C. § 14502 and 10 U.S.C. § 1370), Mr. Millican's claim is not ripe in any court. In other words, given that neither of the above actions has actually occurred, no court has the authority to order a remedy because no reviewable action yet exists under either statute. While Mr. Millican may wish it otherwise, no court can summarily order that he be promoted to Lieutenant Colonel or that his retirement pay be calculated and paid at the rank of Lieutenant Colonel. Because no decision exists for a court to review, no court has authority to grant Mr. Millican his requested remedy; for these reasons, it cannot be in the interest of justice to transfer the case to another court. 28 U.S.C. § 1631.

## IV. Under 10 U.S.C. § 14502, Neither This Court Nor A District Court Can Grant the Relief Requested With Respect To Plaintiff's Non-Selection For Promotion To Lieutenant Colonel

As we explained in our motion to dismiss, the power of any court to grant relief in response to an officer's challenge to his non-selection for promotion is also governed by 10 U.S.C. § 14502, irrespective of the forum. Plaintiff has not responded to this argument at all in his motion to transfer. Sections (g) and (h) of the statute, when read together, deprive *all courts* of jurisdiction to order any requested relief related to promotion actions by the armed forces:

> **(g) Limitation of other jurisdiction.**--No official or court of the United States shall have power or jurisdiction--
>
> **(1)** over any claim based in any way on the failure of an officer or former officer of the armed forces to be selected for promotion by a selection board convened under chapter 1403 of this title until—
> **(A)** the claim has been referred to a special selection board by the Secretary concerned and acted upon by that board; or
> **(B)** the claim has been rejected by the Secretary without consideration by a special selection board; or

> **(2)** to grant any relief on such a claim unless the officer or former officer has been selected for promotion by a special selection board convened under this section to consider the officer's claim.
>
> **(h) Judicial review. (1)** A court of the United States may review a determination by the Secretary concerned under subsection (a)(1), (b)(1), or (e)(3) not to convene a special selection board. If a court finds the determination to be arbitrary or capricious, not based on substantial evidence, or otherwise contrary to law, it shall remand the case to the Secretary concerned, who shall provide for consideration of the officer or former officer by a special selection board under this section.
>
> **(2)** If a court finds that the action of a special selection board which considers an officer or former officer was contrary to law or involved material error of fact or material administrative error, it shall remand the case to the Secretary concerned, who shall provide the officer or former officer reconsideration by a new special selection board.

Section (g)(2) limits a court's jurisdiction to grant relief to those cases where the officer has been successfully selected for promotion by an SSB convened by the service Secretary. And while section (h) provides that the Court may review the determination by the service Secretary *not* to convene an SSB and the conduct of the SSB itself, Mr. Millican has never requested – either before the AFBCMR or this Court – consideration for promotion by an SSB. Instead, he asks that the two non-selections (the first by Presidential removal, the second by an ordinary promotion board) be "set aside" and that he be "promoted by operation of law to Lieutenant Colonel." App. 11; Compl. at 13-14. Under these circumstances, since Mr. Millican has not requested that the Secretary convene an SSB, neither this Court nor any federal district court has jurisdiction to grant relief related to Mr. Millican's challenge to his non-selection for promotion. 10 U.S.C. 14502; see Scott v. England, 264 F. Supp. 2d. 5 (D.D.C. 2002).

**CONCLUSION**

For the reasons discussed above, Mr. Millican has not established that a transfer of his complaint to district court would be in the interest of justice under 28 U.S.C. § 1631. We respectfully request that the Court deny the motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

CHARLES D. MUSSELMAN JR.
U.S. Air Force Legal Services Agency
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209

April 17, 2006