**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MILLICAN, MARC J.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 05-1330C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Along with his reply brief in support of the motion to transfer, plaintiff has now filed a motion to amend his complaint. The proposed amended complaint: (1) deletes from the Prayer for Relief section the phrase "with an increase of retired pay and other benefits at that rank"; (2) deletes from the same section a paragraph asking the Court to remand the action to the AFBCMR to determine whether plaintiff is entitled to back drill pay for missed UTAs; (3) adds a paragraph in the same section asking the Court to reinstate him to the FY 2000 promotion list; and (4) adds another paragraph in the same section asking the Court to remand the action to the AFBCMR to convene an SSB to reconsider his promotion to Lieutenant Colonel.

The United States opposes the motion for leave to amend, and offers the Court the following observations. First, under Rule 15(a), this Court will freely grant leave to amend "when justice so requires." See Foman v. Davis, 371 U.S. 178 (1962). However, Mr. Millican has not explained why justice "requires" the proposed amendments to his complaint, where the amendments are futile and irrelevant to the jurisdiction of this Court to decide any aspect of the

case. In fact, the intent of the amendment is to *remove* the present and future jurisdiction of this Court as part of Mr. Millican's effort to secure his requested transfer to district court. Mr. Millican provides no support for the strange notion that justice would "require" amendments intended to make clear that a court *lacks* jurisdiction and must either dismiss or transfer. See California Pub. Employees Retirement Sys. v. Chubb Corp., 394 F.3d 126, 165-66 (3d Cir. 2004) (leave to amend may be properly denied on various grounds including "undue delay, bad faith, dilatory motive, prejudice, and futility"); Klamath Lake Pharm.Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1292-93 (9th Cir. 1983), citing Foman v. Davis, 371 U.S. at 182 (holding under Rule 15 that "futile amendments should not be permitted").

Second, while Mr. Millican claims that the amendments "trim the allegations to the bare essence of the claim" (Mot. to Amend at 3) it is clear that the claim, no matter how "trimmed," is still about money. Mr. Millican asserts that his prayer for increased retired pay in his original complaint was really a request for "the collateral consequence that may flow upon a later application" for retired pay in the future, and not an "unequivocal demand for the Court to compel payment of money." Id. at 2. This semantic assertion elevates form over substance. While Mr. Millican implies that this "collateral consequence" has no meaning, it is clear that it is at the heart of his case. Indeed, a waiver of his right to payment (or even a waiver of payment in excess of $10,000 under the Little Tucker Act) is conspicuously absent from both his motion to transfer and motion to amend. Under these circumstances, Mr. Millican's proposed amendments do not alter the ineluctable conclusion that he is seeking money damages from the United States (whether directly or collaterally), but his claim is nonetheless premature in the absence of an Air Force determination of his retirement pay. The proposed amendments do not create a basis for this Court or any court to exercise jurisdiction. Against this backdrop, Mr. Millican offers no

support for the notion that justice would "require" a futile amendment that does not alter the nature of his claim or provide a basis for relief in this Court.

As we pointed out in our opposition to Mr. Millican's motion to transfer, "it is well settled that a plaintiff . . . should not be allowed to avoid the jurisdictional (and hence remedial) restrictions of the Tucker Act by casting its pleadings in terms that would enable a district court to exercise jurisdiction under a separate statute." Williams v. Secretary of the Navy, 787 F.2d 552, 557 (Fed. Cir. 1986); see also Brazos Elec. Power Coop. v. United States, 144 F.3d 784, 787 (Fed. Cir. 1998) ("jurisdiction cannot be circumvented by artful pleading"; therefore, the court "customarily look[s] at the substance of the pleadings rather than their form"). Mr. Millican's motion to amend further attempts to avoid Tucker Act jurisdiction by recasting the claim to focus on the alleged equitable relief. This is a ruse. The Court does not need to stray from the complaint, the motion to transfer, and the motion to amend to recognize that Mr. Millican has set his ultimate aim on money, namely the opportunity for retired pay calculated at the rank of Lieutenant Colonel. The issue before the Court is whether Mr. Millican, explicitly or implicitly, seeks money damages from the United States. See Crane v. United States, 41 Fed. Cl. 338, 340 (1998). The answer to this jurisdictional inquiry focuses on "the true nature of the action," not merely a plaintiff's artful drafting. National Ctr. For Mfg. Sciences v. United States, 114 F.3d 196, 199 (Fed. Cir. 1997). In this case, while the amendment of the complaint may further camouflage his underlying money objective, Mr. Millican still seeks "an equitable remedy in specific performance to promise eligibility to let him apply in the future for a pension as a LTC." Mot to Transfer at 5. Thus, this case presents a claim for money damages unchanged by Mr. Millican's proposed amendments.

Third, the two paragraphs proposed to be added to the Prayer for Relief section of the complaint add relief that neither this Court nor a district court has jurisdiction to grant. The requests for reinstatement to the FY 2000 Lieutenant Colonel promotion list and for remand to the AFBCMR to convene an SSB propose relief, like much of the relief requested in the original complaint, wholly untethered to any pay presently due. Of course, the proposed relief *is* tangentially related to the future calculation of his pay under the Reserve retired pay statute, pay that Mr. Millican now seeks to disavow (but not waive) in his motion to amend. Moreover, for reasons similar to those detailed in our opposition to the motion to transfer, no court has jurisdiction to order the amended relief. No court can order Mr. Millican's promotion to the rank of Lieutenant Colonel or his return to the Lieutenant Colonel promotion list. Porter v. United States, 163 F.3d 1304, 1316-17 (Fed. Cir. 1998); Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804, 816 (1979); ; see Def. Opp. To Mot. to Transfer at 7-8. Similarly, no court has jurisdiction to order the service to convene an SSB where the Secretary has not passed on such a request in the first instance. 10 U.S.C. § 14502; see Def. Opp. To Mot. to Transfer at 9-10.[1] In this light, it is difficult to discern how an amendment of a complaint to add relief that no court possesses jurisdiction to order could possibly be "required" by the interests of justice.

Finally, should the Court grant the motion to amend, the United States does not intend to file a response or answer to the complaint as amended. We instead request that the Court decide plaintiff's pending motion to transfer and (if the motion to transfer is denied) the United States' motion to dismiss.

[1] Mr. Millican does not dispute the assertion in our opposition that he did not request an SSB before the AFBCMR. The belated citation to a recommendation from *Air Force counsel* that (if the AFBCMR were to find error) the AFBCMR send the appeal to an SSB rather than grant a promotion to Lieutenant Colonel, does not alter the fact that Mr. Millican's never asked for consideration by an SSB. See Pl. Reply at 11. Thus, Mr. Millican's motion to amend is the first time that he has ever requested in any forum that his records be considered by an SSB.

## CONCLUSION

For the reasons discussed above, we respectfully request that the Court deny the motion to amend.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

CHARLES D. MUSSELMAN JR.
U.S. Air Force Legal Services Agency
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

May 15, 2006