IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARC J. MILLICAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | No. 05-1330 C (LJB) |
| | ) | |
| THE UNITED STATE | ) | |
| | ) | |
| Defendant, | ) | |

PLAINTIFF'S CITATION TO SUPPLEMENTAL AUTHORITY

Plaintiff submits notice of a case decided on May 5, 2006, that is relevant to the jurisdictional issues before the Court with the pending motions to transfer to the U.S. District Court (D.C.) and to amend the complaint. Tootle v. Sec'y of the Navy, 446 F.3d 167 (D.C.Cir. 2006) (upholding APA jurisdiction and vacating district court transfer order back to Court of Federal Claims because claim for placement on retired disability list and reinstatement of prior medical board's finding of eligibility was not Tucker Act demand for money when no guarantee to future right to pay). The pleadings in the Millican concluded before Tootle was first reported on-line.

Tootle's original claim was filed *pro se* in COFC— without counsel that might have sought transfer. It was voluntarily dismissed after the court determined the service-member's demand for placement on the retired disability with pay did not rely on "a substantive right to money currently due and owing, and because [he] could not point to a statute under which money was presently due him." Tootle at 171. He refiled his claim in the District Court (D.D.C.) eliminating monetary relief but keeping the remainder of his retirement claim. The court granted the government's motion to dismiss because the new complaint was still in essence a Tucker Act claim for money. Finding that although his revised claim ostensibly was for APA injunctive relief, it was "in substance" a demand for monetary relief. . .in the form a disability retirement benefits. . . .the immediate consequence" of the court's correction of records. Id at 171-72.

However on Tootle's appeal, the court found that the "the parties agreed" that even if he prevailed on his APA claims, "there is no guarantee that he will be entitled to any money from the federal government." Id at 169, ;see 175 (reinstating medical board's finding that Tootle was eligible for retirement "would have no immediate monetary consequences," and given his yet to be finalized court-martial, the money implications of any change in retirement status "are at best unclear.").

The appeals court also determined that apart from any potential for future monetary retired benefits, placement on the disability retired list would give him "non-negligible value" by addressing his health concerns. Id. at 175. The issue of assessing value is relevant to those non-negligible concerns raised in Millican's Motion to Transfer, page 2 (¶ 2) and pages 5-6 (¶¶ 2-3).

Finally, the appeals court in Tootle categorically rejected the government's "troublesome" argument that because Tootle had no entitlement to money presently due he "could obtain relief in neither the District Court of the Court of Federal Claims." Id at 169, 176-77.

CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court consider the foregoing notice of supplemental citation.

August 21, 2006 Respectfully submitted,

a/s, John A. Wickham, Esq.
32975 Saint Moritz Drive
Evergreen CO. 80439-6720
(303) 670-3825