IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARC J. MILLICAN<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATE<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br><br>No. 05-1330 C (LJB) |

PLAINTIFF'S MOTION TO PUBLISH

Pursuant to RCFC 7(b), plaintiff moves to publish the Court's "Opinion and Order" of August 24, 2006 ["Op."]. The Court's lengthy 27-page opinion: (1) clarifies application of the statutory exhaustion requirement for military promotion claims, or calls attention to issues overlooked by other courts therein; (2) clarifies or settles uncertain and complex jurisdictional rules and ripeness doctrine to preserve reservists' promotion claims that affect prospective reserve duty pay or retired pay; (3) publication otherwise is warranted in the public interest by reconciling the bright-line tests of two U.S. Courts of Appeals that decide which courts— district or federal claims courts— can hear military records correction claims implicating money damages.

1. The Court is the first to clarify statutory language by dismissing an agency interpretation of the requirement that bars judicial review of a promotion claim unless the service-member had administratively exhausted his remedy before their service's Board for Correction of Military Records [BCMR]. 10 U.S.C. § 14502(g-h). The Court rejected the Air Force's reading of the statute that would have grafted an additional procedure for service-members follow before their BCMR to bring judicial review.

Defendant had read into this statute that members are barred from judicial review of a BCMR denial of a promotion claim unless they had "expressly requested" a Special Selection Board [SSB] before such board. As Millican did not "expressly request" a SSB before his BCMR this deprived every court from hearing his specific claim— of an improper removal from the promotion list. Moreover, the defendant's arguments would logically extend to deprive courts of

jurisdiction to hear even the garden-variety promotion "non-selection" claims unless the member had expressly requested an SSB.

First, the Court held that a claimant need only generally raise a promotion claim before a BCMR. There is no need to expressly request a SSB because the "onus to refer matters to an SSB falls not on the [agency applicant] but upon the Secretary." Op. 25. The Court's opinion calls attention to prior cases addressing jurisdiction under the exhaustion rule but had stopped short of addressing whether the plaintiff must expressly request a SSB. Op. at 26 (distinguishing Scott v. England, 264 F.Supp.2d 5 (D.D.C. 2002), and Juffer v. Caldera, 138 F.Supp.2d 22 (D.D.C. 2001). Eliminating this potential jurisdictional roadblock, as was vigorously opposed by the defendant, will preserve judicial economy by avoiding future detoured inquiries in promotion claims.

Secondly, the Court held that claims alleging improper removal from or reinstatement to a promotion list do not fall within § 14502(g)'s jurisdictional restrictions. This type of corrective action does not fall within the statute's ambit because it is not an appeal from a promotion board's "non-selection." Rather, Millican was selected for promotion by a promotion board only later removed. Op. 24-25.

2. Publication is warranted because the Court settled complex jurisdictional rules and pay statutes to allow all non-regular reservists— those not entitled to pay— to *immediately* bring records correction claims affecting their promotion and increased prospective pay, whether on still on active status or as a retiree before reaching age 60.

First, the Court drew from Kosmo v. United States, __ Fed.Cl.___ , 2006 WL 2079102 at n. 1, that a reservist bringing a promotion claim who is *already* drawing retired pay, does state a Tucker Act money claim similar to regular retirees. Op. 11, n. 6. However, this left open the question whether active reservists, or those retired but not drawing retired pay, should bring a Tucker Act or APA records correction claim for unperformed duties:

> Clearly, there is some uncertainty in the law regarding the extent of APA jurisdiction over equitable claims which may implicate a monetary claim. . . . there is no question that this claim is subject to APA review. . . . * * * [But] viewed in a different light. . .the claims seek to change plaintiff's rank and therefore increase his retirement pay. In that regard, they could be seen as money claims.

Op. at 17.

However, for three reasons, the Court held that mere implication of monetary benefit was not enough to assert a Tucker Act claim, nor deprive a district court from considering it under the APA. The potential monetary gain could not convert Millican's claims into ones for money because the Reserve Pay statute is not money-mandating for unperformed duty— even at a retroactive or prospective higher promotion. Op. 19 (noting anomaly between active duty and reserve pay statutes). Secondly, reservists' entitlement to future retired pay is only a speculative desire because they must reach age 60 and apply for a discretionary retirement. Thirdly, the court weighed in Millican's favor his equitable claims to remove stigmatizing documents over his purported desire for future monetary damages.

Significantly, the Court lastly rejected defendant's argument that Millican's promotion claim was not ripe in any court until he reached age 60, and then improperly retired with pay at the lower rank. In other words, Millican and similarly situated Reservists would be without a judicial remedy for asserted present injuries. But consistent APA jurisprudence, the Court held that Millican was entitled now to challenge his removal from the promotion list because it was a final agency action. To the extent that the claim requested a guarantee of future, increased retired pay, the Court recognized it could sever any unripe demand and transfer the equitable claims. Op. 21.

3. Finally, publication serves the public interest. This Court provided constructive resolution between varying thresholds used among different courts to invoke Tucker Act and APA jurisdiction. This included extending Tootle v. Sec'y of Navy, 446 F.3d 167 (D.C.Cir.2006). This is an additional clarification of law in the broader context beyond reservists' promotion claims, as narrowly discussed above.

Partially extending the Tootle, the Court drew from and melded the differing approaches among the "bright-line tests" to determine Tucker Act money claims within the U.S. Court of Appeals for District of Columbia Circuit and Federal Circuit. The former allows APA jurisdiction where equitable relief "triggers payment of money so long as the relief is of sufficient importance relative to the monetary award." In the latter, Tucker Act jurisdiction is invoked if the claim would

give the plaintiff a "firm right to equitable relief leading to monetary recovery." Op. 16.

First, Millican's amended complaint conformed to the requisite phrasing so that his demand would not provide a "firm right" to equitable relief triggering monetary compensation. Op. 18 (citing Tootle, that any future increase in retired pension would not flow to Millican from this litigation but arise from a collateral proceeding, if at all). As set forth under § 2 above, Millican was not disguising a money claim by eliminating a money demand, but conformed it to the lack of a "sum certain due" under any money-mandating military pay statue. Thirdly, the Court extended Tootle's bright-line test so that even if Millican's ultimate goal was a higher pension, this was outweighed by his equitable claim to correct records "to lift some of the shame" associated with allegations he caused "discontent and disloyalty within its ranks." Op. 20. This threshold is broad enough to include many seriously stigmatizing military records.

In sum, the Opinion significantly added to the body of law, urgently needed, to remove some of the heavy jurisdictional clouds hanging over military records cases that often implicate money damages. Op. 27 ("It is clear from this very opinion that the issue of jurisdiction in military records corrections cases is complex and unclear.")

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant his motion to publish this Opinion and Order.

September 14, 2006 Respectfully submitted,

a/s, John A. Wickham, Esq.
32975 Saint Moritz Drive
Evergreen CO. 80439-6720
(303) 670-3825